John Taylor NORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–01386–CR.

Court of Appeals of Texas, Dallas.

Feb. 26, 1990.

Rehearing Denied April 24, 1990.

Jim Burnham, R. Kristin Weaver, Dallas, for appellant.

Leslie McFarlane, Kathi Alyce Drew, Dallas, for appellee.

Before HOWELL, ROWE and KINKEADE, JJ.

## OPINION

KINKEADE, Justice.

John Taylor Norris appeals his conviction for indecency with a child. After a jury trial, the court assessed punishment at ten years' confinement in the Texas Department of Corrections, probated for ten years. In nine points of error, Norris contends that the trial court erred in admitting into evidence outcry testimony pursuant to article 38.072 of the Texas Code of Crimi-

nal Procedure,[1] and in denying Norris's motion for a mistrial because the State, in its jury argument, injected new and harmful facts not supported by the trial testimony. We disagree and affirm the trial court's judgment.

## FACTS

Complainant, who was eleven years old at the time of the trial, claims that Norris, a substitute physical education teacher, sexually abused her at her elementary school. Norris complains of the testimony of the child's mother, Colleen Johnson. Ms. Johnson testified that on November 11, 1986, she took the child for an examination by a physician, Dr. Norman Gant, because the child had complained of pain. Ms. Johnson further testified that, following the examination, the child told her and Dr. Gant that Norris had sexually abused her. Over Norris's objection, Ms. Johnson testified in detail about the alleged incident of sexual abuse as told to her by the child.

Prior to trial, the State provided Norris with two documents entitled "Notice of Outcry Statement," which informed him that the State intended to call the child, Ms. Johnson and Dr. Gant to testify about the child's statement. Both notices included a brief summary of the statement. The court conducted a hearing at which the child, Ms. Johnson, and Dr. Gant testified. Norris attended the hearing and cross-examined the witnesses. The court ruled Dr. Gant's testimony inadmissible, but all of Ms. Johnson's testimony admissible pursuant to article 38.072, (the child victim outcry statute) which applies to proceedings under certain provisions of the Texas Penal Code, including indecency with a child, if committed against a child twelve years of age or younger. *See* art. 38.072, § 1.

## ARTICLE 38.072

Section 2 of article 38.072 provides for the admission into evidence of certain hearsay "outcry" statements:

**Art. 38.072. Hearsay statement of child abuse victim**

. . . .

Sec. 2. (a) This article applies only to statements that describe the alleged offense that:

(1) were made by the child against whom the offense was allegedly committed; and

(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.

(b) A statement that meets the requirements of Subsection (a) of this article is not inadmissible because of the hearsay rule if:

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:

(A) notifies the adverse party of its intention to do so;

(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and

(C) provides the adverse party with a written summary of the statement;

(2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and

(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

Art. 38.072, § 2.

Norris objected to the admission of Ms. Johnson's testimony, claiming that it violated his right of confrontation.

## FINDINGS OF FACT AS TO THE RELIABILITY OF THE STATEMENT

■ In his first point of error, Norris contends that the trial court erred in admitting into evidence the child's outcry statement without making findings of fact as to its reliability.

To allow admission of the child's outcry statement under article 38.072, the trial

---

1. Unless otherwise stated, all code and article references are to the Texas Code of Criminal Procedure. TEX.CODE CRIM PROC.ANN. arts. 38.07, 38.071, 38.072 (Vernon 1979 & Supp.1990).

court must conduct a hearing outside the presence of the jury and find the statement reliable based on its time, content, and circumstances. Art. 38.072, § 2(b)(2). The record shows that the child made her outcry statement in the presence of two adults, Ms. Johnson and Dr. Gant. The State sought to allow both adults to testify as to the outcry statement. The trial court conducted a hearing at which the child, Ms. Johnson, and Dr. Gant all testified. Norris's counsel attended and cross-examined the witnesses. The trial court ruled Dr. Gant's testimony inadmissible, but all of Ms. Johnson's testimony admissible pursuant to article 38.072. The trial court did not make written findings concerning the reliability of the statement.

Norris failed to object at trial to the trial court's failure to make written findings regarding the reliability of the outcry statement. An appellant does not preserve for review any error in the admission of evidence absent a timely objection. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex.Crim.App. 1985). Because Norris failed to object at trial, he failed to preserve error. *See* Tex. R.App.P. 52(a). We overrule Norris's first point of error.

### THE SCOPE OF THE NOTICE

■ In his second point of error, Norris contends that the trial court erred in admitting into evidence those parts of the child's outcry statement that he alleges exceeded the scope of the State's pre-trial notice to Norris. Article 38.072 required that the State provide Norris a written summary of the statement prior to trial. *See* art. 38.072, § 2(b)(1)(C). The State provided Norris the following summary prior to trial:

> On Nov. 11, 1986, [the child] told her mother, Colleen Johnson and Dr. Norman Gant that she had been grading papers in a conference room at Dickinson Elementary School after school on Oct. 8th; that a substitute P.E. teacher named Mr. Norris came in to the conference room and put his hand under her panties & touched her private part. He told her not to tell her Mom because she wouldn't love her anymore.

The record shows that, at the pre-trial hearing, Ms. Johnson testified about the details of the offense as told to her by the child and set forth in the summary. She also testified that the child had told her that Norris had touched the child twice and for a very long time, that he had unbuttoned his shirt following the offense, and that he had stated that he would do it again.

The State provided Norris a comprehensive summary of the child's statement, and the trial court conducted a pre-trial hearing to allow Norris an opportunity to cross-examine the witnesses regarding the content and scope of the statement. Ms. Johnson testified at trial the same as she had testified at the hearing. Norris received actual notice before trial as to the content and scope of the statement. Norris suffered no harm resulting from any deficiency in the State's summary. *See Soto v. State*, 736 S.W.2d 823, 828 (Tex.App.—San Antonio 1987, pet. ref'd). We overrule Norris's second point of error.

### ADMISSION OF THE ENTIRE OUTCRY STATEMENT

■ In his third and fourth points of error, Norris contends that the child made two outcry statements, and the trial court erred in admitting into evidence the second statement because article 38.072 allows admission of only one statement, and because the second statement contained inadmissible details of the offense.

Ms. Johnson testified that, at her request, Dr. Gant examined the child while Ms. Johnson waited in the hall outside the examination room. Following the examination, as Dr. Gant walked down the hall, the child ran out of the room and said, "A man touched me, Mommy, a man touched me." Ms. Johnson, Dr. Gant, and the child went into the examination room where the child again stated that a man had touched her. She pointed to her genitals, and stated that the man was the substitute P.E. teacher at her elementary school. Ms. Johnson further testified that the child told her that the man had stated that, if the child told her mother about the touching, her mother

would not love her any more. She also said that he told her he would do it again. Ms. Johnson further testified that the child told her that the man had started to unbutton his shirt, at which time she hit him and ran out of the room. Ms. Johnson also described, as told to her by the child, the day the offense occurred, the room at the child's school where the offense occurred, and how the man approached her. The child and Dr. Gant both testified that the child did not tell Dr. Gant about the offense during the examination.

Article 38.072 allows into evidence a child's hearsay statements that describe a sexual offense committed against the child, if the testifying witness is the first adult to whom the child made a statement about the offense. Art. 38.072, § 2(a)(1), (2). The record shows that the child first stated in the hall that a man had touched her, and made subsequent statements describing the sexual offense committed against her. The child first made a statement about the offense to her mother. The child's initial sentence, "Mommy, a man touched me," did not describe an offense under the Texas Penal Code. The child's subsequent statements described the offense and were part of the same outcry statement. Article 38.-072 specifically authorizes the admission of more than one "statement" by the child, and the trial court properly admitted all of Ms. Johnson's testimony as part of the child's outcry statement. Art. 38.072, § 2(a)(1), (2). We overrule Norris's third and fourth points of error.

### BOLSTERING

■ In his fifth point of error, Norris contends that the trial court erred in permitting the State to bolster the child's testimony. Specifically, Norris contends that the State introduced Ms. Johnson's testimony solely to add credence to the child's unimpeached testimony.

At Norris's request, the trial court admitted into evidence as a prior inconsistent statement the child's sworn statement made to police. Norris claimed that the child's testimony at trial conflicted with her sworn statement. During jury argument,

Norris's counsel stated "[t]here is nothing but conflicts in the testimony [the State] put on. It's nothing but conflicts." Norris's counsel argued that when he asked the child at trial if she had seen Norris after the date of the offense, she responded that she did not remember. Norris's counsel then read from her sworn statement in which she had said that after the offense she had seen Norris once in the hall at school. Norris's counsel further stated that in her sworn statement the child could not recall the exact date of the offense, but at trial testified as to the exact date, October 8, 1986. Norris's counsel argued that the State had provided the child with the exact date after reviewing school records that indicated which day Norris had taught at the child's elementary school, and the child's recollection of the date was crucial to the State's case.

■ Norris's counsel impeached the child's testimony. The State could introduce testimony to rehabilitate the child's impeached testimony. *Brown v. State,* 756 S.W.2d 793, 796 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). However, the State introduced Ms. Johnson's testimony before the child testified. We find that, in light of Norris's subsequent impeachment of the child's testimony, the State's premature introduction of Ms. Johnson's rehabilitation testimony did not harm Norris. *See Jones v. State,* 587 S.W.2d 115, 120 (Tex.Crim. App.1979). We overrule Norris's fifth point of error.

### CONSTITUTIONALITY OF ARTICLE 38.072

In his sixth, seventh, and eighth points of error, Norris contends that admission of the outcry statement pursuant to article 38.072 violated his right of confrontation and denied him due process of law under the United States and Texas Constitutions. Norris also asserts that the statute is patently unconstitutional.

### A. THE RIGHT OF CONFRONTATION

1. *The Rights of Cross–Examination and Physical Confrontation*

■ The sixth amendment to the United States Constitution states that "[i]n all

criminal prosecutions, the accused shall enjoy the right to ... be confronted with the witnesses against him ..." U.S. Const. amend. VI. The fourteenth amendment due process clause secures the right against invasion by the states. *Long v. State,* 694 S.W.2d 185, 187 (Tex.App.—Dallas 1985), *aff'd,* 742 S.W.2d 302 (Tex.Crim. App.1987). Article I, section 10 of the Texas Constitution states that "[i]n all criminal prosecutions the accused ... shall be confronted by the witnesses against him." Tex. Const. art. I, § 10. Texas courts' interpretation of article I, section 10 closely parallels the evolution of the sixth amendment as interpreted by the United States Supreme Court. *Long,* 742 S.W.2d at 313. The theory and principle of confrontation brought about the practice of excluding hearsay statements from evidence. *Long v. State,* 742 S.W.2d 302, 305 (Tex.Crim. App.1987)

The confrontation clause reflects a preference for face-to-face confrontation at trial, which is the right of cross-examination. Courts base this right upon the principle that the opportunity to test the truthfulness and accuracy of a witness's testimony is so important that the absence of proper confrontation at trial calls into question the ultimate integrity of the fact-finding process. *Long,* 742 S.W.2d at 312. The right of confrontation also provides the accused an opportunity to physically confront the accuser. *Long,* 742 S.W.2d at 306.

The sixth amendment protects the right to confront witnesses *at trial. Buckley v. State,* 758 S.W.2d 339, 344 (Tex.App.—Texarkana 1988, no pet.) (Cornelius, J., concurring). Admission of an out-of-court statement does not violate the confrontation clause as long as the declarant testifies as a witness and is subject to full and effective cross-examination. *See Rodriguez v. State,* 762 S.W.2d 727, 731 (Tex.App.—San Antonio 1988, review granted). The accused cannot easily show crucial significance arising from an inability to cross-examine a witness at the time the witness made his prior statement if the trial court assures the accused an opportunity for full and effective cross-examination at the time of trial. *California v. Green,* 399 U.S.

149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970); *Buckley,* 758 S.W.2d at 344 (Cornelius, J., concurring).

Norris cross-examined and physically confronted the child at the pre-trial hearing and at trial. Nevertheless, he contends that article 38.072 is unconstitutional for the same reason that the Court of Criminal Appeals declared article 38.071 unconstitutional in *Long. Long,* 742 S.W.2d at 302. That statutory provision allowed into evidence a child's videotaped oral statement made before the trial of the case in which the State alleges that the child is a victim of sexual abuse. Prior to *Long,* the Legislature had enacted article 38.072, enlarging the protection given to child sex crime victims, so that, in certain instances, the State could introduce a child's out-of-court statements about the offense. *Buckley,* 758 S.W.2d at 346–47 (Bleil, J., dissenting).

Significant distinctions exist between the facts in *Long* and the facts in the present case. In *Long,* the child victim did not testify as part of the State's case-in-chief, but rather the State presented the child's testimony in a videotaped interview in which a state employee trained in handling child abuse cases questioned the child. Long did not have the opportunity to cross-examine the child prior to trial. The State called the child to testify on rebuttal. This differed significantly from the situation in the present case. First, Norris cross-examined the child, Ms. Johnson, and Dr. Gant at a pre-trial hearing to verify the content and scope of the outcry statement. Second, the trial court determined the statement's reliability based on its time, content, and circumstances. Third, Ms. Johnson's testimony did not have the impact of presenting the child through a visual electronic medium. Fourth, the State did not have a trained representative questioning the child when she made the out-of-court statement, but rather the child spontaneously made them to her mother. Fifth, the State called the child in the presentation of its case-in-chief to verify that she made the statements and to allow Norris an opportunity to cross-examine and confront her. *See Rainey v. State,* 763 S.W.2d 470, 473 (Tex.App.—Houston [14th Dist.] 1988, no pet.); *Buckley,* 758 S.W.2d at 343. Admis-

sion of the outcry statement did not violate Norris's right of confrontation, and the trial court properly admitted it into evidence.

### 2. Exceptions to the Right of Confrontation

 The trial court also properly admitted the outcry statement as an exception to the hearsay rule. Courts have long imposed exceptions on the hearsay rule based upon two considerations, a necessity for the evidence and its trustworthiness. *Long*, 742 S.W.2d at 309. To determine the trustworthiness of a hearsay statement, the trial court must conclude that the particular record is of such reliability as to guarantee the same protection provided by the constitutional right of confrontation. *Long*, 742 S.W.2d at 314. More recently, courts have approved a divergence from face-to-face confrontation in two instances, (1) when the exception is a well-recognized exception to the hearsay rule, and (2) when public necessity is evident because the witness is not available to testify. In Texas, testimony admitted as an exception to the hearsay rule must have indicia of reliability, which exist when a prior opportunity for cross-examination has occurred. *Long*, 742 S.W.2d at 315.

The *Long* Court held article 38.071 unconstitutional because that statute failed to provide a mechanism for a trial court to judge each statement on its own merits. *Long*, 742 S.W.2d at 318. *Long* did not abolish exceptions to the rules against hearsay. *Holland v. State*, 770 S.W.2d 56, 59 (Tex.App.—Austin 1989, no pet.).

### a. Outcry as a Well–Recognized Exception

 The trial court properly admitted the child's outcry statement as a well-recognized exception to the hearsay rule. Courts justify admission of an outcry statement as a legitimate forestalling of an adverse inference that jurors would otherwise draw in sex abuse cases. If the victim did not mention a prior complaint, jurors might draw the adverse inference that either the

act did not occur or the victim consented to the act. *Buckley*, 758 S.W.2d at 345 (Cornelius, J., concurring). The outcry exception goes back to the common law "hue and cry" rule. Article 38.072 extends from article 38.07, a long-standing Texas statute that not only allows outcry testimony in cases of sexual abuse, but requires it to sustain a conviction based on the uncorroborated testimony of a victim who was over the age of fourteen years at the time of the offense. Thus, the trial court could have admitted the child's out-of-court statement as to the fact of the complaint even if the Legislature had not enacted article 38.072. *Buckley*, 758 S.W.2d at 346 (Cornelius, J., concurring); art. 38.07; art. 38.072.

### b. Indicia of Reliability

 Article 38.072 also provides a mechanism that requires that the trial court determine on a case-by-case basis if the testimony reaches the level of reliability required to be admissible as an exception to the hearsay rule. *Rainey*, 763 S.W.2d at 473; *see Buckley*, 758 S.W.2d at 343. Indicia of reliability that the trial court may consider include (1) whether the child victim testifies at trial and admits making the out-of-court statement, (2) whether the child understands the need to tell the truth and has the ability to observe, recollect, and narrate, (3) whether other evidence corroborates the statement, (4) whether the child made the statement spontaneously in his own terminology or whether evidence exists of prior prompting or manipulation by adults, (5) whether the child's statement is clear and unambiguous and rises to the needed level of certainty, (6) whether the statement is consistent with other evidence, (7) whether the statement describes an event that a child of the victim's age could not be expected to fabricate, (8) whether the child behaves abnormally after the contact, (9) whether the child has a motive to fabricate the statement, (10) whether the child expects punishment because of reporting the conduct, and (11) whether the accused had the opportunity to commit the offense. *Buckley*, 758 S.W.2d at 343–44.

Article 38.072 specifically requires that the trial court, before admitting the child victim's outcry statement, determine the statement's reliability. The trial court

made that determination at a pre-trial hearing at which Norris attended and cross-examined the child, Ms. Johnson, and Dr. Gant. Unlike the videotaped statement considered by the *Long* Court, the trial court allowed admission of the statement, impliedly finding the child victim's statement in this case reliable. As the statute provides procedural safeguards that require that a trial court determine on a case-by-case basis the reliability of an outcry statement, it does not violate an accused's right of confrontation. The trial court properly admitted the child's statement as an individual exception to the hearsay rule, and its admission did not violate Norris's right of confrontation.

## B. DUE PROCESS

■ Due process requires a fair trial in a fair tribunal. *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). Historically, courts have equated the due course of law clause in article I, section 19 of the Texas Constitution with the guarantee of due process under the fourteenth amendment of the United States Constitution. U.S. Const. amend. XIV; Tex. Const. art. I, § 19. Since article 38.-072 preserves the safeguards of face-to-face confrontation at trial, opportunity for effective cross-examination, and the trial court's determination of the statement's reliability, it does not deny the essential fairness required by the United States and Texas Constitutions. Article 38.072 does not violate either the due process guarantee of the United States Constitution or the due course of law provision of the Texas Constitution. *Buckley*, 758 S.W.2d at 346 (Cornelius, J., concurring).

Norris availed himself of the due process safeguards set forth in article 38.072, and admission of the outcry statement did not deny him due process of law under the United States Constitution or due course of law under the Texas Constitution. We overrule Norris's sixth, seventh, and eighth points of error.

## THE JURY ARGUMENT

In his ninth point of error, Norris contends that the trial court erred in denying his motion for mistrial because the State's jury argument introduced new and harmful facts not supported by the trial testimony.

During the closing argument at the guilt/innocence phase of the trial, the State argued:

> You know, this thing about the man coming back? He told her he was going to be back and I bet in her mind that every man she saw in the hallway she was expecting to be John Norris. So I bet she did call her mother and say I'm sick, I want to go home.

■ Norris objected to the argument, stating that the State had injected facts not contained in the record. The trial court sustained the objection and instructed the jury to disregard the argument. An error in jury argument can be cured by a prompt instruction to the jury to disregard. *Guerra v. State*, 478 S.W.2d 483, 486 (Tex.Crim.App.1972). A trial court's prompt action in instructing the jury to disregard the comment is generally sufficient to protect the rights of the accused. *Garza v. State*, 633 S.W.2d 508, 515 (Tex.Crim.App.1982). The trial court cured any error in the State's jury argument by promptly instructing the jury to disregard the comment.

We overrule Norris's ninth point of error. We affirm the trial court's judgment.