Opinion issued October 3, 2002.

 










In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00973-CR






EDWARD JOHN BRODERICK, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 36,991






O P I N I O N


 A jury convicted appellant, Edward John Broderick, of two counts of
aggravated sexual assault of a child and assessed punishment of 99 years
imprisonment. In a single point of error, appellant argues the trial court erred by
limiting the scope of cross-examination during a preliminary hearing on the
admissibility of the victim's outcry statement under article 38.072 of the Texas Code
of Criminal Procedure, and that the trial court's error substantially affected his rights
during trial. We affirm. 

Background

In October 2001, appellant was tried on two counts of aggravated sexual
assault of C.B., his great-nephew's daughter. Before trial, the State filed a notice of
its intent to introduce C.B.'s outcry statement to her father, Edwin L. Broderick,
under the hearsay exception provided by article 38.072 of the Texas Code of Criminal
Procedure. The State served appellant with a copy of the motion and a written
statement by Edwin Broderick summarizing C.B.'s outcry to him. The court,
pursuant to article 38.072, conducted a preliminary hearing outside the presence of
the jury to determine the admissibility of C.B.'s statements to her father about the
abuse. 

In response to questions from the State, Edwin Broderick testified that, on
March 8, 1999, he walked into his daughter's bedroom and found appellant, C.B., and
C.B.'s friend, E.C., sitting closely together on appellant's bed. (1) Edwin Broderick
stated that, when he walked into the room, all three "jumped." Suspecting that
something had happened to the girls, he questioned C.B. and E.C., but they denied
anything improper had happened. Edwin Broderick called E.C.'s mother the next
day. E.C. confirmed to her mother that the girls had been sexually abused, and E.C.'s
mother then called Edwin Broderick to relay to him what E.C. had said. Edwin
Broderick re-questioned C.B., who told him that appellant had "made her suck his
penis and made [E.C.] play with him down there." 

On cross-examination, defense counsel began by asking Edwin Broderick to
confirm the address of the house in which the family had been living at the time, and
then asked whether the house had central air conditioning. At the State's objection
that such questions were outside the scope of the outcry hearing, defense counsel
replied that the question challenged the reliability of C.B.'s statement to her father by
determining whether the doors in the house would be open to allow the air from the
single window unit air conditioner to circulate. The court sustained the State's
objection and held the question outside the scope of the outcry hearing.

Appellant's attorney then read into the record the general content of similar
questions he had intended to ask during the hearing to challenge the reliability of
C.B.'s outcry statement: whether the house's single window unit air conditioner was
in the kitchen; whether C.B.'s aunt owned pornographic videos; whether C.B. had
ever spent the night at her aunt's house; which room appellant and the children slept
in, and in which beds; whether it was possible to see from one bedroom into the other
with the doors open; what appellant had been wearing at the time Edwin Broderick
found him on the bed with the girls; whether both girls had told Edwin Broderick that
nothing had happened when he initially questioned them that night; whether the girls
were ever again left alone with appellant; and what Edwin Broderick told E.C.'s
mother on the phone the next day about his suspicions that the girls may have been
abused by appellant. The trial court allowed appellant's attorney to ask only whether
the girls initially denied anything improper had happened with appellant. The court
ruled the remaining questions more appropriate for cross-examination during trial
than the preliminary hearing. (2)

In response to cross-examination, Edwin Broderick then testified that, after
finding the girls on the bed with appellant, he brought C.B. and E.C. into the living
room and asked them to explain what he had seen. He stated both girls "acted like
they were afraid to talk about it." Although C.B. did tell him that she had been "trying
to look at [appellant's] butt," both girls denied that anything improper had happened. 
The trial court found that, according to Edwin Broderick's testimony, C.B.'s
statements about the abuse met the requirements of the hearsay exception of article
38.072, and were admissible.

"Reliability" in Article 38.072 Hearings

 In appellant's single point of error, he contends the trial court erred by
limiting the scope of cross-examination during the preliminary hearing held pursuant
to article 38.072 of the Texas Code of Criminal Procedure. Article 38.072 provides
an exception to the hearsay rule allowing statements made by children age 12 and
younger to be admitted at trial if the statements were to the first person, 18 years of
age or older, other than the defendant, to whom the victim, in some discernable
manner, described an alleged offense of sexual abuse. Tex. Code Crim. Proc. Ann.
art. 38.072, § 2(a) (Vernon Supp. 2002). Article 38.072 further requires: (1) notice
of the intent to offer the statement must be given before trial; (2) the defendant must
be notified of the identity of the outcry witness and given a written summary of the
outcry witness' testimony; (3) the trial court must find, in a hearing conducted outside
the presence of the jury, that the statement is reliable based on the time, content, and
circumstances of the statement; and (4) the child testify or be made available to
testify. Id. §2(b). 

A court's decision that the outcry statement is reliable and admissible under
article 38.072 is reviewed for an abuse of discretion. Garcia v. State, 792 S.W.2d 88,
92 (Tex. Crim. App. 1990). Appellant argues that the trial court abused its discretion
by limiting the scope of cross-examination during the preliminary hearing, and that
the limits placed upon cross-examination did not afford him adequate opportunity to
challenge the reliability of the outcry statement. Specifically, appellant contends that
the court abused its discretion by not allowing him to present evidence during the
preliminary hearing on issues such as his opportunity to abuse the girls on the night
in question, whether C.B.'s knowledge of sexual activity came from viewing
pornographic tapes owned by her aunt rather than sexual abuse by appellant, and the
substance of the conversation between Edwin Broderick and E.C. about Edwin's
suspicions that the girls had been abused by appellant. 

Appellant's argument is based on an incorrect interpretation of the
requirements of admissibility under article 38.072. The trial court must conduct an
inquiry into the reliability of the outcry statement, examining the "time, content, and
circumstances of the statement." The phrase "time, content, and circumstances" refers
to "the time the child's statement was made to the outcry witness, the content of the
child's statement, and the circumstances surrounding the making of that statement."
MacGilfrey v. State, 52 S.W.3d 918, 921 (Tex. App.--Beaumont 2001, no pet.). 
Although courts have enumerated factors that may assist in ascertaining the reliability
of an outcry statement, the focus of the inquiry must remain upon the outcry
statement, not the abuse itself. Norris v. State, 788 S.W.2d 65 (Tex. App. --Dallas
1990, pet. ref'd) (holding admission of outcry statement did not violate appellant's
right of confrontation when outcry testimony contained indicia of reliability satisfying
requirements for exception to hearsay rule). The indicia of reliability enumerated in
Norris and similar cases, while useful to determine whether the outcry statement is
admissible as an exception to the hearsay rule, should not be expanded into a
requirement that the court examine the circumstances of the alleged abuse. A child's
outcry statement may be held reliable even when it contains vague or inconsistent
statements about the actual details of the sexual abuse . Jones v. State, 817 S.W.2d
854, 858 (Tex. App.--Houston [1st Dist.] 1991, no pet.) (holding admission of
outcry testimony that did not specifically describe the alleged offense, but was,
nonetheless, closely related in time and scope to the offenses and relevant to the state
of mind of the complainant, was not abuse of discretion).

Further, a judge may impose "reasonable limits" on cross-examination to
prevent harrassment of a witness, confusion of issues, presentation of cumulative
evidence, or waste of time. Knox v. State, 31 S.W.3d 700 (Tex. App.--Houston [1st
Dist.] 2000, no pet.). The court's decision to so limit cross-examination is not subject
to reversal without a showing a clear abuse of discretion. Id. The line of questioning
appellant sought to introduce on cross-examination during the preliminary hearing
focused on the circumstances of the abuse itself, not the circumstances of C.B.'s
statement to her father. Because the questions were outside the narrow scope of the
inquiry into the time, circumstances, or content of the outcry statement, the trial court
did not abuse its discretion by limiting the questions.

Accordingly, we overrule appellant's sole point of error. 

We affirm the judgment of the trial court.


 

 Frank C. Price

 Justice 


Panel consists of Justices Taft, Alcala, and Price. (3)

Publish. Tex. R. App. P. 47.
1. At the time of the abuse, C.B. was eight years old and E.C. was nine years old.
2. All of these matters, with the exception of whether the girls were ever again
left alone with appellant, were subsequently raised at trial. 

3. The Honorable Frank C. Price, former Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.