MARY'S OPINION HEADING 






                                                                                    NOS. 12-03-00183-CR
 12-03-00184-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
LEROY PATRICK COOKE,                              §     APPEAL FROM THE 145TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     NACOGDOCHES COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant was charged in two indictments with the aggravated sexual assault of A.R. and
J.H., both children under the age of fourteen. On August 29, 2002, pursuant to the State’s motion
to compel the taking of testimony of the child witnesses outside the presence of the defendant, and
without objection from the defendant, the testimony of the victims was taken and videotaped. On
May 20, 2003, a jury found Appellant guilty as charged in both indictments, and assessed
Appellant’s punishment at imprisonment for fifty years and a $5,000 fine in each case. Appellant,
in two issues, contends that the trial court failed to comply with Texas Code of Criminal Procedure,
article 38.072 and improperly allowed the mother of A.H. to testify to A.H.’s outcry. Appellant
contends the trial court’s error resulted in the erroneous admission of hearsay evidence depriving him
of his Sixth Amendment right to confront the witnesses against him. We affirm.
 
 
Background
            A.R., eight years of age, and her nine-year-old friend, J.H., spent the weekend of July 21,
2001, with Appellant and his wife, A.R.’s grandmother. While the grandmother was not present,
Appellant forced A.R. and J.H. to perform oral sex on each other, to touch his sexual organ, and to
use a vibrator to touch each other’s sexual organs, anuses, and breasts. Appellant videotaped the
assaults. When J.H. returned home, she told her mother what Appellant had forced her and A.R. to
do. J.H.’s mother called A.R.’s mother and told her what J.H. said Appellant had done. A.H.’s
mother then went to Appellant’s house where A.H. remained anticipating a week long trip to
Galveston. She got A.H. in the car with her and asked her daughter “if anybody had ever touched
her privates.” A.H. initially responded “no”, but on being told by her mother that it was a serious
matter but that she would not get in trouble, she told her mother what “Paw-Paw,” Appellant, had
done with the vibrator, and that he had made them “lick each other’s tee-tee and boobs” while he
made movies of what they were doing.
            A.H.’s mother took A.H. to a local hospital where a doctor performed a sexual assault
examination. Deputies obtained a search warrant for Appellant’s house. Appellant’s wife admitted
the officers and led them to where the vibrator and pornographic films were usually kept. She was
surprised to find them missing. The deputies arrested Appellant for the aggravated sexual assault
of a child.
            The testimony of A.R. and J.H. to these events and a long previous history of sexual assaults
was presented to the jury by videotape, made nine months before trial. The videotaped cross-examination of the two girls by Appellant’s counsel was also shown to the jury. The videotaped
examination and cross-examination of the two victims were conducted without objection before the
district judge nine months prior to trial pursuant to the State’s motion to compel the taking of
testimony of child witnesses outside the presence of the defendant. See Tex. Code Crim. Proc.
Ann. § 38.071 (Vernon Supp. 2003). At the time A.R. and J.H. gave their testimony, Appellant was
in an adjoining room so that he could remain in contact with his lawyer and assist in their cross-examination.
            Appellant, in his first issue, maintains “that the procedure employed in the admissibility
hearing under Texas Code of Criminal Procedure Article 38.072 [hearsay outcry statement of child
abuse victim] failed to comply with the statute resulting in structural error and in violation of
Appellant’s constitutionally protected rights of confrontation, due process and due course of law.”
            In his second issue, he also complains that the introduction into evidence of A.R.’s outcry
statement through the testimony of A.R.’s mother resulted in the erroneous admission of hearsay
evidence “which renders Article 38.072 unconstitutional as applied to Appellant.” Both Appellant
and the State addressed the issues together.
 
Standard of Review
            The standard of review in the admission of evidence is abuse of discretion. Montgomery v.
State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990). If the trial court’s ruling on the admission
of evidence is correct under any theory of law, the trial court’s decision should not be disturbed even
if the trial court gives the wrong reason for its ruling. See Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990). Under Rule 44.2(a) of the Texas Rules of Appellate Procedure,
constitutional error must be reversed unless the error can be shown to be harmless beyond a
reasonable doubt. Failure to substantially comply with a statute regarding constitutionally protected
rights results in constitutional error requiring reversal. Carranza v. State, 980 S.W.2d 653, 658
(Tex. Crim. App. 1998).
            Section 2 of Article 38.072 allows the admission into evidence of hearsay “outcry”
statements of a child in a prosecution for certain sexual offenses, if committed against a child twelve
years of age or younger. Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2004).
 
The Constitutional Issue
            In Holland v. State, 802 S.W.2d 696, 699 (Tex. Crim. App. 1991), the court of criminal
appeals recognized that in some instances such a statute can operate “either to deprive an accused
of his constitutional right to confront the out-of-court child declarant, or to compel him to call the
child to the stand himself in order to attain that right, in violation of due process and due course of
law.” Id. But in order to preserve the issue for appeal, the defendant must raise a timely objection
on the basis of confrontation or due process and due course of law. Id. In Holland, the accused
objected to the outcry statement on the ground that it was “unreliable based upon the time and
content and the circumstances.” Id. at 698. The Holland court characterized the defendant’s
objection as a hearsay objection, insufficient to preserve error on confrontation or due process
grounds. Id. at 700.
            In the instant case, Appellant objected to A.R.’s outcry statement on the basis that it was not
reliable because it was not spontaneous but prompted by her mother’s question and subsequent
assurance that A.R. would not get in trouble if she told what had happened. Appellant’s objection
in this case, as that in Holland, is, in essence, a hearsay objection, and did not preserve error on
constitutional or due process grounds.
 
Did the Trial Court Comply with article 38.072?
            Appellant contends the trial court did not comply with Article 38.072. Article 38.072
specifically requires the trial court to determine “in a hearing conducted outside the presence of the
jury, that the [child’s] statement is reliable based on the time, content, and circumstances of the
statement.” The article further mandates that the child testify or be available to testify “at the
proceeding in court or in any other manner provided by law.” Tex. Code Crim. Proc. Ann. art.
38.072 § 2(b)(2), (3) (Vernon Supp. 2004).
            At trial, Appellant objected that the statement was inadmissible hearsay because the mother’s
testimony during the Article 38.072 hearing on admissibility disclosed that the statement was not
voluntary and spontaneous but suggested by the mother’s questions. On appeal, Appellant raises the
additional contentions that the trial court did not consider the relevant indicia of reliability in finding
that the statement was reliable, and that the admissibility hearing was further flawed because A.H.
did not testify at the hearing nor was she available to testify.
            Indicia of reliability that the trial court may consider include (1) whether the child victim
testifies at trial and admits making the out-of-court statement, (2) whether the child understands the
need to tell the truth and has the ability to observe, recollect, and narrate, (3) whether other evidence
corroborates the statement, (4) whether the child made the statement spontaneously in his own
terminology or whether evidence exists of prior prompting or manipulation by adults, (5) whether
the child’s statement is clear and unambiguous and rises to the needed level of certainty, (6) whether
the statement is consistent with other evidence, (7) whether the statement describes an event that a
child of the victim’s age could not be expected to fabricate, (8) whether the child behaves abnormally
after the contact, (9) whether the child has a motive to fabricate the statement, (10) whether the child
expects punishment because of reporting the conduct, and (11) whether the accused had the
opportunity to commit the offense. Norris v. State, 788 S.W.2d 65, 71 (Tex. App.–Dallas 1990, pet.
ref’d).
            The trial court held an admissibility hearing to determine the reliability of the outcry
statement. A.H. testified at trial by videotape as provided by Article 38.071 of the Code of Criminal
Procedure. She admitted making the statement to her mother. She was cross-examined extensively
by Appellant’s counsel. The trial court examined A.H. prior to her testimony to determine if she
knew the difference between the truth and a lie and appreciated the importance of telling the truth. 
When the child is available to testify at trial and is tendered without restriction to the appellant for
cross-examination, the requirements of Section 2(b)(3) of Article 38.072 are satisfied. Villalon v.
State, 791 S.W.2d 130, 136 (Tex. Crim. App. 1990). The State moved to take A.H.’s testimony
outside the presence of Appellant alleging that the child would be “unavailable” to testify in the
presence of the defendant (1) because of emotional or physical causes, including the confrontation
with the defendant, or (2) the child would suffer undue psychological or physical harm through her
involvement at the hearing or proceeding. See Tex. Code Crim. Proc. Ann. art. 38.071 § 8(a)(1),
(2). Appellant did not object to this method of taking A.H.’s testimony.
            The statements A.H. made to her mother were clear and unambiguous and described the
offense with details that an ordinary eight-year-old could hardly have imagined. Her statements were
corroborated not only by her own testimony, but by that of J.H. and J.H.’s mother. Appellant spent
time alone with A.R. and J.H. and had ample opportunity to commit the offense A.H. described. The
trial judge had heard evidence of all these facts and circumstances when he made his finding that
A.H.’s statement was reliable based on the time, content, and circumstances of the statement. 
Although A.H.’s statement was made in response to her mother’s inquiry and assurance, given the
attendant circumstances, the trial judge was justified in concluding that A.H.’s statement was not the
product of her mother’s manipulative conduct. The trial judge substantially complied with Article
38.072 and did not abuse his discretion in admitting A.H.’s outcry statement. Appellant’s first and
second issues are overruled.
Conclusion
            Having determined that Appellant’s issues are without merit, we affirm the judgment of the
trial court. 
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
 
Opinion delivered June 9, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.























(DO NOT PUBLISH)