ACCEPTED
04-14-00915-cr
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/22/2015 3:04:30 PM
KEITH HOTTLE
CLERK

CAUSE NO. 04-14-00915-CR
IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
7/22/2015 3:04:30 PM
KEITH E. HOTTLE
Clerk

**ADAN FLORES**
   **Appellant**

**vs.**

**THE STATE OF TEXAS,**
   **Appellee**

APPEALED FROM THE 49th DISTRICT COURT OF WEBB COUNTY
TRIAL COURT NO. 2014-CRS-000311-D1
HONORABLE MONICA NOTZON, JUDGE PRESIDING

**APPELLANT'S REPLY BRIEF**

**ORAL ARGUMENT REQUESTED**

**ARMANDO TREVINO**
**State Bar No. 20211100**
**1519 Washington St., Suite One**
**Laredo, Texas  78040**
**Tel:  (956) 726-1638**
**Email:** armandotrevinolaw@gmail.com
**Attorney for Appellant**

# CAUSE NO. 04-14-00915-CR
# IN THE COURT OF APPEALS
# FOURTH COURT OF APPEALS DISTRICT
# SAN ANTONIO, TEXAS

**ADAN FLORES**
       **Appellant**

**vs.**

**THE STATE OF TEXAS,**
       **Appellee**

# APPEALED FROM THE 49th DISTRICT COURT OF WEBB COUNTY
# TRIAL COURT NO. 2014-CRS-000311-D1
# HONORABLE MONICA NOTZON, JUDGE PRESIDING

## APPELLANT'S REPLY BRIEF

**ORAL ARGUMENT REQUESTED**

**ARMANDO TREVINO**
**State Bar No. 20211100**
**1519 Washington St., Suite One**
**Laredo, Texas  78040**
**Tel:  (956) 726-1638**
**Email:** armandotrevinolaw@gmail.com
**Attorney for Appellant**

# TABLE OF CONTENTS

I.     Cover Page …….…..…………………………………………………

II.     Table of Contents …………………………………….…………..

III.     Index of Authorities ……………………………………………

IV.     Introductory Statement …………………………………….......

V.     Statement Regarding Oral Argument……………..……………

VI.     Argument …………..………………………………..………..

      Reply Issue Number One . The Court violated Defendant's right to due process and to be heard when the Court granted the State's motion to amend the indictment at an ex parte hearing.

      Reply Issue Number Two.   Defendant's objection to the qualification of VERONICA VALDEZ as the outcry witness should have been sustained.

      Reply Issue Number Three.   The Trial Court committed reversible error when it instructed the jury that Counts I, II, III, IV, and V were first-degree felonies.

VII.     Prayer ……………………………….………………………….

VIII.     Certificate of Service …………………………………………

IX.     Certificate Regarding Word Count ………………………………..

# INDEX OF AUTHORITIES

Page(s)

**Cases**

Carmell v. Texas, 529 U.S. 513 (2000)……………………….…     5

Garza v. State, 129 S.W. 3rd 79 (Tex. Cr. App. 2001) ………………….     5

Jennings v. State, 302 S.W. 3rd 306 (Tex.Cr..App. 2010)…………….     3, 4

Nino v. State, 223 S.W. 3rd 749 (Tex.App.-Houston [14th Dist.] 2007, no pet).3, 4

Norris v. State, 788 S.W. 2d 65 (Tex.App.-Dallas 1990, pet, ref'd) ……...     4

Robinett v. State, 383 S.W. 3rd 758 (Tex.App.-Amarillo 2012, no pet.)……     3, 4

Sanchez v. State, 354 S.W. 3rd 476 (Tex.Cr.App. 2011) …………………...     3, 4

Scott v. State, 227 S.W. 3rd 670 (Tex.Cr.App. 2007) ………………………     5

Snowden v. State, 353 S.W. 3rd 85 (Tex.Cr.App. 2011) ……………………     5

Young v. State, 137 S.W. 3rd 65 (Tex.Cr.App. 2004) ………………………     5

**Constitutions, Statutes and Rules**

Texas Constitution, Article 1, Section 16…………….. ………………....... 6

U.S. Constitution Article 1, Section 10.1………..……………………………6

# INDEX OF AUTHORITIES

Page(s)

## Constitutions, Statutes and Rules

Code of Criminal Procedure
Art.    28.01 (6)………………………………………………..    3, 4

        28.10 ………………………………………………    2

        38.07.. ……………………………………………    3, 4

        38.072 …………………………………….……….    3, 4

Government Code
Art.    311.011………………………………………….    2

        311.016(4) ……………………………………..….    2

        311.023 ……………………………………….……..    2

Texas Penal Code
        §12.01 (b)………………………….…………….……    5

        §22.011(a) (1)(B)……………………….……………    5

        §22.011(a) (2)(A) ……………………………………    5

        §22.011(a) (2)(C)……………………….…………….    5

        §22.011(a) (2)(E) ……………………………………    5

Texas Rules of Appellate Procedure
        33.1 (a)…………………………………………..……    5

        44.2(a) …………………………………………..…    5

**ADAN FLORES**
       **Appellant**

**vs.**

**THE STATE OF TEXAS,**
       **Appellee**

## INTRODUCTORY STATEMENT

**TO THE HONORABLE COURT OF APPEALS:**

Comes now Appellant, ADAN FLORES, and files his Reply Brief on three issues without waiving the other issues in his original Appellant's Brief. Appellant had previously filed a timely motion for extension of time to file his Reply Brief.

## STATEMENT REGARDING ORAL ARGUMENT

Appellee has requested oral argument Appellant requests oral argument in the event that the Court of Appeals grants Appellee's request for oral argument.

## ARGUMENT AND AUTHORITIES

REPLY ISSUE NUMBER ONE.  The Court violated Defendant's right to due process and to be heard when the Court granted the State's motion to amend the indictment at an ex parte hearing.

Argument and Authorities

Notice and an opportunity to be heard are fundamental components of due process. A statute or rule that is clear and unambiguous must be enforced as written and is not subject to judicial discretion or interpretation. See Gov't Code § 311.011, 311.016(4), 311.023.

The state filed a motion to amend the indictment (CR67-76). Article 28.10 of the Code of Criminal Procedure allows an amendment to an indictment after notice to the defendant. The Court granted the State's motion at an ex parte hearing (CR 86-88) and without notice to Defendant (RR vol. 8 pp 6,7). Defendant's conviction and sentence must be set aside because he was tried on an invalid amended indictment in violation of Art. 28.10 Texas Code of Criminal Procedure.

REPLY ISSUE NUMBER TWO. Defendant's objection to the qualification of VERONICA VALDEZ as to outcry witness should have been sustained.

Argument and Authorities

The State filed a motion to qualify VERONICA VALDEZ as the outcry witness and Defendant objected (CR 204-208). The Matter was heard in two

phases, the first one by Judge Lopez on June 25, 2014 (RR Vol. 7), and the second part by Judge Notzon on September 15, 2014 (RR Vol. 14).

THE HEARING BEFORE JUDGE LOPEZ

ANA was the only witness to testify at the hearing (RR Vol.7 p.3). (1)She testified that she had been the subject of a video tape interview by VALDEZ, (2) that prior to the interview she had made outcries to ARTURO (her mother's boyfriend, to her aunt JESSICA MORALES (pp. 42, 43, 54) and to her school counselor Ms. AYALA (pp. 30, 32), as well as to her grandmother (p. 34). Judge LOPEZ said he did not have to hear from ANA's mother or from Ms. VALDEZ and that Ms. VALDEZ was qualified as the outcry witness (pp. 62, 63). The ruling by Judge LOPEZ will not withstand appellate review because he failed to consider and rule out the prior outcries made by ANA and his ruling violates the Texas Code of Criminal Procedure and decisions of the Court of Appeals and other Courts of Appeal. See Arts. of the Code of Criminal Procedure 28.01(6), 38.07, 38.072; Jennings v. State, 302 S.W. 3rd 306, 311 (Tex.Cr.App. 2010) (all jury charge errors are cognizable on appeal if the Defendant failed to object); Sanchez v. State, 354 S.W. 3rd 476, 478 (Tex.Cr.App. 2011) (opportunity to cross-examine the outcry witness) Robinett v. State, 383 S.W. 3rd 758, 761 (Tex.App.-Amarillo 2012, no pet.) (admissible outcry witness testimony is even-specific); Nino v. State, 223 S.W. 3rd 749, 752-53 (Tex.App.-Houston [14th Dist.] 2007, no pet.);

<u>Norris v. State</u>, 788 S.W. 2d 65 (Tex.App. Dallas 1990, pet. ref'd)( battery of requirements as a condition to the admission of outcry testimony).

THE HEARING BEFORE JUDGE NOTZON

Without reviewing the transcript of the testimony of ANA at the hearing before Judge LOPEZ, Judge NOTZON announced at the commencement of her hearing and at the conclusion that she agreed with the ruling by Judge LOPEZ holding that VALDEZ was qualified to testify as the outcry witness (Vol. 14 p. 202). Neither the State nor the Court called ANA's mother, ANA's aunt, the male friend of ANA's mother, or ANA's grandmother to inquire into the extent of ANA's revelations to those witnesses at the outcries that preceded the interview by VERONICA VALDEZ (RR Vol. 14). The ruling by Judge NOTZON that VERONICA VALDEZ was qualified to testify as the outcry witness is legally and factually incorrect. See Arts. 28.01(6), 38.07, 38.072 of the Code of Criminal Procedure; <u>Jennings v. State</u>, 306 S.W. 3rd at 311; <u>Sanchez v. State</u>, 354 S.W. 3rd at 478; <u>Robinett v. State</u>, 383 S.W. 3rd at 761-62; <u>Nino v. State</u>, 223 S.W. 3rd at 752-53; and <u>Norris v. State</u>, 788 S.W. 2d 65.

The State's contention that Defendant did not preserve error because he did not file a motion to suppress is meritless. A review of Defendant's objections to VERONICA VALDEZ as the outcry witness makes it clear that Defendant sought to exclude/suppress her testimony as the outcry witness and that the preserved

error. See Rules 33.1(a), 44.2(a) Texas Rules of Appellate Procedure; <u>Young v. State</u>, 137 S.W. 3rd 65, 69-70 (Tex.Cr.App. 2004) (timely and specific objection); <u>Garza v. State</u>, 129 S.W. 3rd 79, 84-85 (Tex.Cr.App. 2004) (overruling of a pretrial motion to suppress; <u>Snowden v. State</u>, 353 S.W. 3rd 815, 821-22 (Tex.Crim.App. 2011) (harmless error inquiry and analysis); <u>Scott v. State</u>, 227 S.W. 3rd 670, 690-91) (Tex.Cr.App. 2007) (whether the constitutional error was a contributing factor in the jury's deliberations in arriving at the verdict).

<u>REPLY ISSUE NUMBER THREE.</u> The Trial Court committed reversible error when it instructed the jury that Counts I, II, III, IV, and V were first degree felonies.

Argument and Authorities

In the jury charge pertaining to guilt or innocence (CR 211) and in the punishment phase (CR 233-237), the Court instructed the jury that those counts were first-degree felonies, punishable by confinement of 5 years to life imprisonment. The offenses allegedly occurred prior to 2009, and were second-degree felonies. Penal Code §12.01(b) says that Penal laws enacted after the effective date of the code are to be classified for punishment purposes in accordance with the laws in effect when the offenses occurred. When the alleged offenses occurred, they were second-degree felonies punishable by 2 to 20 years confinement. See Penal code Secs. 22.01(a)(2)(A), 22.011(a)(1)(B),

22.011(a)(2)(C), 22.011(a)(2)(E); <u>Carmell v. Texas</u>, 529 U.S. 513, 537 (2000) "It is settled by the decisions of this Court… that any statute which punishes as on act previously committed …. which makes more burdensome the punishment for a crime, after its commission … is prohibited as <u>ex</u> <u>post</u> <u>facto</u>." Because Defendant was tried, convicted and punished under <u>ex</u> <u>post</u> <u>facto</u> laws and such laws are prohibited by the Federal and Texas Constitutions, his conviction must be reversed. See Article 1, Section 10.1 of the United States Constitution and Article 1, section 16 of the Texas Constitution.

**<u>PRAYER</u>**. Premises considered, Appellant asks the Court to consider the Reply Brief in conjunction with his Brief and reverse his conviction or reverse and remand it to the trial court for a new trial.

Respectfully submitted,

/s/ Armando Treviño
ARMANDO TREVINO
State Bar No. 20211100
1519 Washington St., Suite One
Laredo, Texas 78040
Tel: (956) 726-1638
Email: armandotrevinolaw@gmail.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

A true copy of the above document was served on the 22nd day of July, 2015, on David L. Reuthinger, Jr. Assistant District Attorney, Webb County District Attorney, via Prodoc e-service electronic filing at dreuthinger@webbcountytx.gov., 1110 Victoria, Suite 401, Laredo, Texas 78040.

/s/    Armando Treviño
ARMANDO TREVINO

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I certify that the number of words in this Reply Brief (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance and appendix) is 1,321.

/s/    Armando Treviño
ARMANDO TREVINO
Attorney for Appellant
