Panel consists of: Wright, C.J., Bailey, J., Countiss.[1]
MEMORANDUM OPINION
PER CURIAM
The jury convicted Robert Charles Moody of three sexual offenses against a child: (1) aggravated sexual assault of a child by intentionally or knowingly causing his sexual organ to contact the sexual organ of a child under the age of fourteen; (2) indecency with a child by contact by intentionally or knowingly engaging in sexual contact with a child under seventeen years of age with the intent to arouse or gratify his sexual desire; and (3) indecency with a child by exposure by intentionally or knowingly exposing his genitals to a child younger than seventeen years of age with the intent to arouse or gratify his sexual desire. See TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B), (2)(B), 21.11(a)(1), (a)(2)(A) (West 2011 & Supp. 2016). By agreement of the parties, only the aggravated sexual assault of a child was submitted to the jury for punishment. After hearing additional evidence, the jury assessed punishment at twenty years' confinement, and the trial court sentenced Appellant accordingly.
Appellant has perfected this timely appeal and presents four issues in support of his request for a new trial or an acquittal. After careful consideration of all issues, we find no reversible error and affirm the judgment of the trial court.
Facts
The victim in this case is a male child with emotional and intellectual challenges. Among other things, he was diagnosed with autism at an early age and has a low IQ. When the victim was approximately twelve years old, his mother hired an in-home health-care company to assist her in caring for him. After almost a year of assistance by the company, Appellant was assigned to provide care for the victim.
Six weeks later, the victim's mother realized that something was amiss when the victim expressed his pleasure that "tomorrow [Appellant] comes and we get to play the naked game." The victim's mother asked him what the naked game was, and he told her it was when he and Appellant *312 would undress, get in the bed, and shake their "tee tees." The victim then illustrated how they would shake their "tee tees" up and down in a masturbation-like motion.
The victim was then interviewed by Diana Benavides, a forensic interviewer at the Child Advocacy Center. Benavides assessed the situation and concluded that the victim understood the difference between the truth and a lie and promised to tell the truth. Benavides also testified that the victim said that Appellant touched his private parts and played "yucky" games with him. For example, Appellant would "wobble" their "tee tees" as their "tee tees" would touch.
During the interview, Benavides gave the victim a sheet of paper. The victim drew a "tee tee" and identified it as Appellant's "tee tee" because it had hair on it and was big. He drew a small "tee tee" that was identified as his.
The victim testified at the trial. He was qualified as a witness after he demonstrated that he understood the oath to tell the truth. The victim then related essentially the same information he had given others, describing the naked game he and Appellant would play, drawing and discussing the difference in the size of Appellant's penis and his penis, and explaining how their penises would touch.
Appellant testified in his own defense and denied the allegations.
Law
Appellant presents four issues that will be resolved in the order presented. In Appellant's first issue, he argues that the trial court erred by excluding testimony about another boy who became erect and masturbated in the victim's presence. The proffered testimony was excluded under TEX. R. EVID. 412, which renders evidence of a victim's previous sexual conduct generally inadmissible.
The trial court's ruling was correct for several reasons. First, contrary to Appellant's argument, Rule 412 does apply to other parties' conduct. See, e.g. , Matz v. State , 989 S.W.2d 419, 422 (Tex. App.-Fort Worth 1999), rev'd on other grounds , 14 S.W.3d 746 (Tex. Crim. App. 2000).
Logic and law support the view that a young person observing sexual conduct can be harmed. Section 21.11 of the Texas Penal Code criminalizes indecency of a child by exposure, and common sense and common knowledge concur. A young person learns very early to shield his or her sexual organs from public view. Violation of that rule in a child's presence could be as traumatic as physical violence. For example, there is evidence in this case that the victim's personality and behavior changed after the event in question.
In any event, the excluded evidence was not relevant. The focal points of the victim's testimony and Appellant's crime were mutual naked activity, touching of penises by Appellant and his victim, and the victim's consistent description of the difference between his small penis and Appellant's large one. The excluded testimony does not in any way allow the jury to better judge the credibility of the victim's testimony. The absence of relevance likewise renders immaterial Appellant's constitutional arguments. Appellant's first issue is overruled.
In Appellant's second issue, he contends that the trial court erred by allowing certain testimony to be read to the jury during its deliberation. Article 36.28 of the Code of Criminal Procedure allows evidence to be read back to the jury "if the jury disagree as to the statement of any witness." TEX. CODE CRIM. PROC. ANN . art. 36.28 (West 2006). Appellant recognizes in *313 his brief that abuse of discretion is the test, and it occurs only if a trial court acts without reference to guiding rules or principles. He also recognizes that the trial court may infer a dispute if circumstances suggest that one exists. Howell v. State , 175 S.W.3d 786, 792 (Tex. Crim. App. 2005). Howell further notes that the inference of a dispute only needs some basis other than mere speculation. Id.
The facts do not support the result Appellant requests. First, Article 36.28 clearly allows the trial court to have testimony read back "if the jury disagree." Id. Thus the trial court's action was based upon guiding rules and principles. Further, Howell supports the principle that the trial court has the discretion under Article 36.28 to infer a dispute so long as it is not mere speculation. Id. Here, the record reflects that the jury inquired, "Can we please read the testimony from Mrs. Benavides?" The trial court responded, "The jury must be in dispute about a specific item of testimony that can be read back." The jury in turn responded, "We wish to know the conversation between Mrs. Benavides and the victim when he drew the picture of the penis." The trial court responded, "Please provide specific details as to the testimony in dispute." The jury replied as follows: "No one remembers what was being asked to [the victim] as to why he drew the picture. Did he draw it on his own? What made him draw? Did Mrs. Benavides ask him to draw? What was said[?]" The following testimony was then read back to the jury: "As [the victim] is drawing those two diagrams does he maintain dialogue with you? Yes. He-I mean, when I gave him the piece of paper he started drawing."
Obviously, the court can infer a dispute from the forgoing reference of messages from the jury. Under almost identical facts, the Court of Criminal Appeals so held in Robison v. State , 888 S.W.2d 473, 481 (Tex. Crim. App. 1994). The court said that the trial court could infer a dispute among the jurors because, after each note, the trial court informed the jury the requested testimony would only be given in the event of a dispute. Id. at 480. Additionally, the request by the jury became increasingly narrow in scope. Id. Thus it was not unreasonable to infer a dispute. Id. ; accord , Casiano v. State , 495 S.W.2d 232, 233-34 (Tex. Crim. App. 1973).
Additionally, harm was not illustrated nor could it be. The evidence was admissible, it related to a technical matter, and it nears certainty that what was read could not have had any significant effect on the verdict. Appellant's second issue is overruled.
In Appellant's third issue, he argues that the trial court erred by allowing an outcry witness to testify. Specifically, Appellant contends that the trial court erred by admitting the victim's outcry statements because the victim has autism and a low IQ. The admission of outcry statements is governed by Article 38.072 of the Texas Code of Criminal Procedure, which contains no reference to either condition. It does, however, require the trial court to determine whether a statement is reliable. CRIM. PROC. art. 38.072 (West Supp. 2016).
The courts have set out a list of nonexclusive factors that indicate reliability of an outcry statement. Norris v. State , 788 S.W.2d 65, 70 (Tex. App.-Dallas 1990, pet. ref'd). As pertinent here, the child should understand the need to tell the truth and have the ability to observe, recollect, and narrate. Id. at 71. The victim clearly satisfies these requirements. He confirmed his making of the statements and testified that he knew the difference between the truth and a lie. His testimony *314 and his recitation of events were essentially consistent each time, especially as to the key elements of nakedness, masturbation, and penis touching between him and Appellant.
Additionally, the victim's initial reaction was spontaneous and consistent. There was no indication of prompting or manipulation by adults. The trial court did not abuse its discretion by admitting the outcry statements. Even if the admissions were erroneous, they are not harmful or reversible error. The victim testified before the jury without objection to the same facts contained in his outcry. Appellant's third issue is overruled.
In Appellant's fourth issue, he argues that the evidence was legally insufficient to support the verdict. We review the sufficiency of the evidence under the standard of review set forth in Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Brooks v. State , 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) ; Polk v. State , 337 S.W.3d 286, 288-89 (Tex. App.-Eastland 2010, pet. ref'd). Under the Jackson standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson , 443 U.S. at 319, 99 S.Ct. 2781 ; Isassi v. State , 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).
Appellant was charged, convicted, and sentenced for intentionally causing his sexual organ to contact the sexual organ of a child under the age of fourteen. PENAL § 22.021. The jury was charged in those terms. Its finding that Appellant did engage in the prohibited conduct is directly supported by the victim's testimony as outlined in the foregoing sections of this opinion. That evidence alone is sufficient to support the conviction.
Appellant argues that the victim's evidence was not credible because of his autism and inconsistencies in his testimony. However, the trial court qualified the victim exactly as required by law. See TEX. R. EVID. 601(a), 603 ; Torres v. State, 33 S.W.3d 252, 255 (Tex. Crim. App. 2000). There is nothing in the law that automatically disqualifies an autistic witness, nor do inconsistencies automatically lower evidence below the required standard. The basic purpose of a jury is to sort through sometimes incomprehensible testimony, evaluate the witnesses' credibility, and find the most likely path to truth in inconsistent evidence. It is those events that create fact issues. Allen v. State , 436 S.W.3d 815, 819-20 (Tex. App.-Texarkana 2014, pet. ref'd). Neither the trial judge nor the appellate justices can substitute their facts for those found by the jury so long as the proper evidentiary burdens are met.
In this case the verdict is supported by ample admissible evidence presented by competent witnesses. Appellant's fourth issue is overruled.
The judgment of the trial court is affirmed.
Willson, J., not participating.

Richard N. Countiss, Retired Justice, Court of Appeals, 7th District of Texas at Amarillo, sitting by assignment.