**Edward John BRODERICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–00973–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 3, 2002.

John R. Friesell, Bellaire, for Appellant.

David Bosserman, Assistant Criminal District Attorney, Jeri Yenne, Criminal District Attorney, Angleton, for State.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

FRANK C. PRICE, Justice (Assigned).

A jury convicted appellant, Edward John Broderick, of two counts of aggravated sexual assault of a child and assessed punishment of 99 years imprisonment. In a single point of error, appellant argues the trial court erred by limiting the scope of cross-examination during a preliminary hearing on the admissibility of the victim's outcry statement under article 38.072 of the Texas Code of Criminal Procedure, and that the trial court's error substantially affected his rights during trial. We affirm.

## Background

In October 2001, appellant was tried on two counts of aggravated sexual assault of C.B., his great-nephew's daughter. Before trial, the State filed a notice of its intent to introduce C.B.'s outcry statement to her father, Edwin L. Broderick, under the hearsay exception provided by article 38.072 of the Texas Code of Criminal Procedure. The State served appellant with a copy of the motion and a written statement by Edwin Broderick summarizing C.B.'s outcry to him. The court, pursuant to article 38.072, conducted a preliminary hearing outside the presence of the jury to determine the admissibility of C.B.'s statements to her father about the abuse.

In response to questions from the State, Edwin Broderick testified that, on March 8, 1999, he walked into his daughter's bedroom and found appellant, C.B., and C.B.'s friend, E.C., sitting closely together on appellant's bed.[1] Edwin Broderick stated that, when he walked into the room, all three "jumped." Suspecting that something had happened to the girls, he questioned C.B. and E.C., but they denied anything improper had happened. Edwin Broderick called E.C.'s mother the next day. E.C. confirmed to her mother that the girls had been sexually abused, and E.C.'s mother then called Edwin Broderick to relay to him what E.C. had said. Edwin Broderick re-questioned C.B., who told him that appellant had "made her suck his penis and made [E.C.] play with him down there."

On cross-examination, defense counsel began by asking Edwin Broderick to confirm the address of the house in which the family had been living at the time, and then asked whether the house had central air conditioning. At the State's objection that such questions were outside the scope of the outcry hearing, defense counsel replied that the question challenged the reliability of C.B.'s statement to her father by determining whether the doors in the house would be open to allow the air from the single window unit air conditioner to circulate. The court sustained the State's objection and held the question outside the scope of the outcry hearing.

Appellant's attorney then read into the record the general content of similar questions he had intended to ask during the hearing to challenge the reliability of C.B.'s outcry statement: whether the house's single window unit air conditioner was in the kitchen; whether C.B.'s aunt owned pornographic videos; whether C.B. had ever spent the night at her aunt's

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. At the time of the abuse, C.B. was eight years old and E.C. was nine years old.

house; which room appellant and the children slept in, and in which beds; whether it was possible to see from one bedroom into the other with the doors open; what appellant had been wearing at the time Edwin Broderick found him on the bed with the girls; whether both girls had told Edwin Broderick that nothing had happened when he initially questioned them that night; whether the girls were ever again left alone with appellant; and what Edwin Broderick told E.C.'s mother on the phone the next day about his suspicions that the girls may have been abused by appellant. The trial court allowed appellant's· attorney to ask only whether the girls initially denied anything improper had happened with appellant. The court ruled the remaining questions more appropriate for cross-examination during trial than the preliminary hearing.[2]

In response to cross-examination, Edwin Broderick then testified that, after finding the girls on the bed with appellant, he brought C.B. and E.C. into the living room and asked them to explain what he had seen. He stated both girls "acted like they were afraid to talk about it." Although C.B. did tell him that she had been "trying to look at [appellant's] butt," both girls denied that anything improper had happened. The trial court found that, according to Edwin Broderick's testimony, C.B.'s statements about the abuse met the requirements of the hearsay exception of article 38.072, and were admissible.

### "Reliability" in Article 38.072 Hearings

■ In appellant's single point of error, he contends the trial court erred by limiting the scope of cross-examination during the preliminary hearing held pursuant to article 38.072 of the Texas Code of Criminal Procedure. Article 38.072 provides an

exception to the hearsay rule allowing statements made by children age 12 and younger to be admitted at trial if the statements were to the first person, 18 years of age or older, other than the defendant, to whom the victim, in some discernable manner, described an alleged offense of sexual abuse. Tex.Code Crim. Proc. Ann. art. 38.072, § 2(a) (Vernon Supp.2002). Article 38.072 further requires: (1) notice of the intent to offer the statement must be given before trial; (2) the defendant must be notified of the identity of the outcry witness and given a written summary of the outcry witness' testimony; (3) the trial court must find, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and (4) the child testify or be made available to testify. *Id.* § 2(b).

A court's decision that the outcry statement is reliable and admissible under article 38.072 is reviewed for an abuse of discretion. *Garcia v. State,* 792 S.W.2d 88, 92 (Tex.Crim.App.1990). Appellant argues that the trial court abused its discretion by limiting the scope of cross-examination during the preliminary hearing, and that the limits placed upon cross-examination did not afford him adequate opportunity to challenge the reliability of the outcry statement. Specifically, appellant contends that the court abused its discretion by not allowing him to present evidence during the preliminary hearing on issues such as his opportunity to abuse the girls on the night in question, whether C.B.'s knowledge of sexual activity came from viewing pornographic tapes owned by her aunt rather than sexual abuse by appellant, and the substance of the conversation between Edwin Broderick and E.C. about

---

**2.** All of these matters, with the exception of whether the girls were ever again left alone

with appellant, were subsequently raised at trial.

Edwin's suspicions that the girls had been abused by appellant.

■■■■ Appellant's argument is based on an incorrect interpretation of the requirements of admissibility under article 38.072. The trial court must conduct an inquiry into the reliability of the outcry statement, examining the "time, content, and circumstances of the statement." The phrase "time, content, and circumstances" refers to "the time the child's statement was made to the outcry witness, the content of the child's statement, and the circumstances surrounding the making of that statement." *MacGilfrey v. State*, 52 S.W.3d 918, 921 (Tex.App.-Beaumont 2001, no pet.). Although courts have enumerated factors that may assist in ascertaining the reliability of an outcry statement, the focus of the inquiry must remain upon the outcry statement, not the abuse itself. *Norris v. State*, 788 S.W.2d 65 (Tex.App.-Dallas 1990, pet. ref'd) (holding admission of outcry statement did not violate appellant's right of confrontation when outcry testimony contained indicia of reliability satisfying requirements for exception to hearsay rule). The indicia of reliability enumerated in *Norris* and similar cases, while useful to determine whether the outcry statement is admissible as an exception to the hearsay rule, should not be expanded into a requirement that the court examine the circumstances of the alleged abuse. A child's outcry statement may be held reliable even when it contains vague or inconsistent statements about the actual details of the sexual abuse. *Jones v. State*, 817 S.W.2d 854, 858 (Tex.App.-Houston [1st Dist.] 1991, no pet.) (holding admission of outcry testimony that did not specifically describe the alleged offense, but was, nonetheless, closely related in time and scope to the offenses and relevant to the state of mind of the complainant, was not abuse of discretion).

■■■■ Further, a judge may impose "reasonable limits" on cross-examination to prevent harassment of a witness, confusion of issues, presentation of cumulative evidence, or waste of time. *Knox v. State*, 31 S.W.3d 700 (Tex.App.-Houston [1st Dist.] 2000, no pet.). The court's decision to so limit cross-examination is not subject to reversal without a showing a clear abuse of discretion. *Id.* The line of questioning appellant sought to introduce on cross-examination during the preliminary hearing focused on the circumstances of the abuse itself, not the circumstances of C.B.'s statement to her father. Because the questions were outside the narrow scope of the inquiry into the time, circumstances, or content of the outcry statement, the trial court did not abuse its discretion by limiting the questions.

Accordingly, we overrule appellant's sole point of error.

We affirm the judgment of the trial court.