MEMORANDUM OPINION

Nos. 04-04-00167-CV & 04-04-00168-CV

IN THE MATTER OF V.B., A Juvenile

From the 289th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2003-JUV-03109, 2003-JUV-03107
Honorable Carmen Kelsey, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Phylis J. Speedlin, Justice
 
Delivered and Filed:   February 23, 2005

AFFIRMED
            V.B. appeals from his delinquency adjudication for aggravated sexual assault and
commitment to the Texas Youth Commission. V.B. claims on appeal that the trial court erred in
allowing testimony from an outcry witness pursuant to Texas Family Code §54.031. Tex. Fam.
Code Ann. §54.031 (Vernon 2002). We affirm the judgment of the trial court. 
Background
            V.B. was charged with the offense of aggravated sexual assault in two separate, but related,
cases arising from incidents occurring on the same date and in the same location, but involving two
different victims. See Tex. Pen. Code Ann. §22.021 (Vernon Supp. 2004-05). The State alleged
that in January 2003, Bessie Tellez, the victims’ mother, had taken her two sons, ages five and seven,
to stay overnight with a neighbor, Vivian, who lived in the apartment upstairs. The children told
their mother that they did not want to stay at Vivian’s because her brother, V.B., who sometimes
stayed there, had been rough with them on previous occasions. Ms. Tellez took the children to stay
with Vivian anyway. The following day, Ms. Tellez became more concerned about the situation and
asked her sons some more direct questions about what had happened with V.B. the previous week. 
The children then each made separate outcry statements to Ms. Tellez alleging that V.B. had sexually
assaulted each of them, as well as a third child, while they were at Vivian’s apartment. 
            At trial, V.B. objected to hearsay when the State asked Ms. Tellez to testify as to the
statements made to her by her sons. The State responded that V.B. had been given proper notice of
the State’s intent to use the outcry witness at trial, and requested that the trial judge hold a hearing
outside the presence of the jury to determine the reliability of the statements as authorized by Texas
Family Code §54.031. The parties agreed that the only issue at the hearing was the reliability of the
statements. After hearing testimony from Ms. Tellez outside the presence of the jury, the trial court
ruled that the children’s statements were admissible through Ms. Tellez as the designated outcry
witness.
            The two child victims also testified at trial, along with several other State witnesses. The jury 
found the State’s allegations true, and the trial judge entered a finding of delinquent conduct and
committed V.B. to the Texas Youth Commission for an indeterminate period. This appeal timely
followed.
 
 
Analysis
            Texas Family Code §54.031 provides an exception to the general rule excluding hearsay for
the first report of sexual abuse that a child victim makes to an adult. Tex. Fam. Code Ann. §54.031
(c). For the exception to apply, the State must provide the defendant with at least fourteen days’
notice of its intent to use the statement at trial; the court must conduct a hearing outside the jury’s
presence and make a determination that the statement is reliable with respect to the time, content,
and circumstances of the statement; and, the child victim must testify or be available to testify at the
trial. Id. 
            V.B.’s only issue on appeal is that the trial court erred in admitting the outcry witness
testimony because the statements were unreliable. In response, the State contends (1) that the issue
was not properly preserved for appeal because V.B. failed to make a specific objection to the outcry
witness testimony; (2) that the statement was properly admitted; and, (3) even if the outcry statement
was erroneously admitted, any error was harmless because there was sufficient evidence outside of
this testimony to adjudicate V.B. delinquent and commit him to the Texas Youth Commission. 
            We review a trial court’s rulings admitting or excluding evidence under an abuse of
discretion standard. Rachal v. State, 917 S.W.2d 799, 816 (Tex. Crim. App. 1996); Aguilera v.
State, 75 S.W.3d 60, 64 (Tex. App. — San Antonio 2002, pet. ref’d). The trial court abuses its
discretion when it acts without reference to any guiding rules and principles, or acts in a manner that
is arbitrary or capricious. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) If
the trial court’s decision is within the bounds of reasonable disagreement, we will not disturb it on
appeal. Id. The trial court has broad discretion in determining whether a child’s statement falls
within the hearsay exception provided by Texas Family Code §54.031, and the trial court’s exercise
of that discretion will not be disturbed on appeal unless a clear abuse of discretion is established by
the record. See Garcia v. State, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); Reed v. State, 974
S.W.2d 838, 841 (Tex. App. — San Antonio 1998, pet. ref’d); see also In re Z.L.B., 102 S.W.3d 120,
123 (Tex. 2003) (holding that the outcry statute found in the Family Code should be interpreted and
applied in a juvenile trial in the same manner as the parallel rule in the Code of Criminal Procedure
is applied in an adult criminal trial).
            When the State sought to elicit testimony from Ms. Tellez about the statement made to her
by one of her sons, V.B.’s counsel objected, “Your Honor, object to hearsay. The child is here to
testify as to what he said.” The provisions of the outcry statute are mandatory and must be complied
with for a statement to be admissible over a hearsay objection. Long v. State, 800 S.W.2d 545, 547
(Tex. Crim. App. 1990). Once an objection to outcry witness testimony is made, the State has the
burden to show compliance with each element of the statute for the testimony to be admissible. Id.
at 548. While objections must be specific enough to inform the trial judge of the basis of the
objection and to afford opposing counsel with an opportunity to remove the objection, a general
objection will not waive error if the complaint is obvious to the trial court and the State from its
context. Id. Where, in an aggravated sexual assault trial, a general hearsay objection is raised
immediately before the witness begins to testify to an outcry statement, such objection will normally
be sufficient to apprise the trial court of the purpose of the complaint, thereby preserving the issue
for appellate review. Id. Given the timing and context of the objection here, and the State’s
response to it, we conclude that V.B.’s hearsay objection in this instance was sufficient to preserve
his complaint regarding the reliability of the statements for appellate review.
            Following V.B.’s objection, the State requested that the trial court conduct a hearing to
determine whether the statements were admissible pursuant to §54.031. The parties agreed that the
only issue for the court to determine at the hearing was reliability.


 As a predicate for admission of
the testimony, the trial court must find that the outcry statement is reliable based on “the time,
content, and circumstances of the statement.” Tex. Fam. Code Ann. §54.031 (c)(2). The phrase
“time, content, and circumstances” refers to the time the child makes the statement to the proffered
outcry witness, the content of the statement, and the circumstances surrounding the making of the
statement. Broderick v. State, 89 S.W.3d 696, 699 (Tex. App. — Houston [1st Dist.] 2002, pet.
ref’d). The determination of whether outcry testimony is reliable must be made on a case-by-case
basis. Davidson v. State, 80 S.W.3d 132, 139 (Tex. App. — Texarkana 2002, pet. ref’d). Texas
courts have identified a number of indicia of reliability that the trial court may consider when
evaluating the reliability of outcry testimony, including: (1) whether the child victim testifies at trial
and admits making the out-of-court statement; (2) whether the child understands the need to tell the
truth and has the ability to observe, recollect, and narrate; (3) whether other evidence corroborates
the statement; (4) whether the child made the statement spontaneously in his own terminology or
whether evidence exists of prior prompting or manipulation by adults; (5) whether the child’s
statement is clear and unambiguous and rises to the needed level of certainty; (6) whether the
statement is consistent with other evidence; (7) whether the statement describes an event that a child
of the victim’s age could not be expected to fabricate; (8) whether the child behaves abnormally after
the contact; (9) whether the child has a motive to fabricate the statement; (10) whether the child
expects punishment because of the report; and (11) whether the accused had the opportunity to
commit the offense. Id.; Norris v. State, 788 S.W.2d 65, 71 (Tex. App. — Dallas 1990, pet. ref’d).
            Here, the victims made statements to Ms. Tellez about the assaults after V.B. had instructed
them not to tell anyone what had happened. Ms. Tellez instructed the children not to lie to her about
such things and the children confirmed, both then and prior to their testimony at trial, that they
understood the difference between the truth and a lie and that they were being truthful. The children
maintained their statements, even when asked by their mother to repeat them in front of V.B. While
the younger child had some difficulty testifying at trial, there is no indication that he had similar
difficulty in narrating his statement to his mother. The statements made to Ms. Tellez were clear and
unambiguous in describing the incident, where it occurred, the sequence of events, the positions of
the child victims and the perpetrator, and each child’s reaction. Ms. Tellez’s testimony indicated that
the children described the assaults to her in significant detail using their own immature terminology,
in a manner consistent with their developmental ages. Each of the boys’ statements was
corroborated by the other’s, and their outcry statements were consistent with their testimony and the
testimony of other witnesses at trial. While the children made the statements in response to
questioning by Ms. Tellez, there is no indication in the record that the victims were prompted as to
the substance of the statements. See Davidson, 80 S.W.3d at 139. The record also contains evidence
suggesting that, based on the children’s ages and lack of prior exposure to sexually explicit material,
it is unlikely that they could be expected to fabricate the events described in their statements. There
is nothing in the record to suggest that the victims had any motive to accuse V.B. of a crime. 
            We find no evidence in the record before us that the trial court abused its discretion in finding
the victims’ statements reliable. We conclude that the testimony from the outcry witness bore
sufficient indicia of reliability with respect to the time, content, and circumstances of the statements
for the testimony to be admissible pursuant to Texas Family Code §54.031. Accordingly, we
overrule V.B.’s issue on appeal and affirm the judgment of the trial court.
 
Phylis J. Speedlin, Justice