

# IN THE
# TENTH COURT OF APPEALS

No. 10-13-00106-CR

**KEITH ALLEN JONES,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

---

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-1299-C2**

---

## MEMORANDUM OPINION

---

Keith Allen Jones was charged with two counts of aggravated sexual assault of a child and two counts of indecency with a child. *See* TEX. PENAL CODE ANN. §§ 22.021, 21.11 (West 2011 & Supp. 2013). After a jury trial, Jones was acquitted on the first count of aggravated sexual assault and found guilty of the second count of aggravated sexual assault and the two counts of indecency with a child. He was sentenced to 29 years for

the aggravated sexual assault conviction and to 9 years in each conviction for indecency with a child. The sentences were ordered to run consecutively. Because the trial court did not err in allowing outcry testimony and because Jones's second issue presented nothing for review, the trial court's judgments are affirmed.

## BACKGROUND

Jones and his extended family were vacationing at a beach house in South Padre Island. After C.J.'s mother, Wendi, walked in while Jones was otherwise alone with C.J. and while still at South Padre, C.J. made a statement to her mother that Jones, a.k.a. "Pops," "messed with" C.J.'s vagina. That night, Wendi, her husband, and C.J. packed up and left South Padre and returned home.

## OUTCRY STATEMENTS

In his first issue, Jones argues the trial court erred in admitting hearsay testimony not excepted by the outcry statutes.[1] Specifically, he contends the trial court abused its discretion in admitting C.J.'s outcry statements through her mother, Wendi, because C.J.'s first statement was too ambiguous and her next two statements were unreliable.

Article 38.072 of the Texas Code of Criminal Procedure permits outcry statements by certain victims of child abuse to be admitted during trial, despite the hearsay rule, if the provisions of that article are met. *See* TEX. CODE CRIM. PROC. ANN.

---

[1] The State argues that this issue is not preserved because Jones did not object to the admission of the testimony in front of the jury. We disagree with the State. Because there was a hearing outside the presence of the jury during which Jones objected to the trial court's decision to admit the testimony, Jones was not required to again object to the testimony in front of the jury. *See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003).

art. 38.072 (West Supp. 2013). Before testimony in the trial began, the trial court held a hearing pursuant to article 38.072 to determine the reliability of C.J.'s initial or "outcry" statements to her mother. *See id.* A trial court has broad discretion to determine the admissibility of outcry evidence, and we will not disturb its determination absent a showing in the record that the trial court clearly abused its discretion. *See Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990); *Smith v. State*, 131 S.W.3d 928, 931 (Tex. App.—Eastland 2004, pet. ref'd).

### *Statement about the Offense*

The statute defines an outcry statement as a statement "made by a child…against whom the offense was allegedly committed" and "to the first person, 18 years of age or older, to whom the child…made a statement about the offense." TEX. CODE CRIM. PROC. ANN. art. 38.072, Sec. 2(a)(1), (2) (West Supp. 2013). The phrase, "statement about the offense" means "a statement that in some discernible manner describes the alleged offense." *Garcia*, 792 S.W.2d at 91. It must be "more than words which give a general allusion that something in the area of child abuse was going on." *Id.*

Jones contends that C.J.'s first statement to Wendi, that Jones "messed with" C.J.'s vagina, was too ambiguous to qualify as a statement about the offense. Jones cites to *Garcia v. State* and *Bargas v. State* as examples to show C.J.'s statement was merely a "general allusion" to sexual abuse. *See id.*; *Bargas v. State*, 252 S.W.3d 876 (Tex. App.— Houston [14th Dist.] 2008, no pet.).

In *Garcia*, the appellant complained that a witness was improperly designated as the outcry witness and thus, the witness's testimony regarding statements made by the child were inadmissible. *Garcia*, 792 S.W.2d at 89. Garcia contended that the child's teacher was the proper outcry witness. *Id*. The record showed "that the [child] told her teacher that something happened at home, and that it had to do with child abuse." *Id*. at 91. The child testified that she told her teacher "what happened." *Id*. at 90. However, the record did not contain evidence as to any specific details of the statements that the child made to her teacher or as to any description of the alleged offenses that the child told her teacher. *Id*. at 91. This was due in part to the defense objecting to the teacher narrating what was said. *Id*.

In analyzing who would be a proper outcry witness, the Court of Criminal Appeals explained that the statement made by the child must be more than words which give a general allusion that something in the area of child abuse was going on. *Id*. In *Garcia*, the child's general statements about abuse to her teacher "apparently did not, in context, and in the trial court's view, amount to more than the general allusion" that something in the area of child abuse happened. *Id*. Therefore, the Court held that the trial court had not abused its discretion when it determined that a Department employee, rather than the child's teacher, was properly designated as the outcry witness. *Id*. at 92.

As was in *Garcia*, the issue on appeal in *Bargas* was whether the trial court erred in determining who the proper outcry witness was. There, the defendant complained that the victim's mother, rather than the forensic interviewer, was the proper outcry witness. *Bargas*, 252 S.W.3d at 894. The victim told her mother that the defendant had touched her private parts. *Id*. at 885. The victim did not want to talk about it any further with her mother, and her mother only found out what happened through the victim's therapist. *Id*. The victim did, however, describe the incidents in specific detail to the forensic interviewer. *Id*. Because the mother could not provide information about any abuse beyond a general allegation, the trial court did not abuse its discretion in determining the forensic interviewer was the properly designated outcry witness. *See id*. at 895.

This case is distinguishable from *Garcia* and *Bargas*. First, the issue on appeal in this case is not about who was the proper outcry witness; rather, it is about whether C.J.'s first statement was too general to be considered a "statement about the offense." Second, the statements made in this case are different from those made in *Garcia* and *Bargas*. Here, because of something she had seen the day before, Wendi talked to C.J. and confirmed that C.J. knew her "bottom" and her vagina were her "private parts." Wendi then asked C.J. if anyone had touched or "messed with" her private parts. Initially, C.J. said no and looked away. When Wendi asked if C.J. was sure, C.J. said "Pops" does. When asked what Pops did, C.J. replied, "He messes with my vagina."

Wendi also learned that it happened at the beach house and at Jones's house. C.J.'s statement is more specific than the general statements of "what happened" and "it had to do with child abuse" reviewed in *Garcia.*

Although C.J.'s statement is much like the statement made in *Bargas*, the court of appeals determined that the sole statement made to the mother, that the defendant touched the victim's private parts, was too general to qualify the mother as the outcry witness. Here, Wendi was designated as the outcry witness. Jones has no complaint about that designation. No other witness testified as to the outcry statements made by C.J. to Wendi.[2] Unlike in *Bargas* where the victim made only one general statement to the mother, Wendi testified at the hearing outside the presence of the jury that C.J. later explained to Wendi that Jones had used his tongue on C.J.'s vagina and had C.J. put her hands around his penis and moved them up and down until his penis "got big." Accordingly, because more than just the one statement was made to Wendi, and because Jones did not contest Wendi being designated as the outcry witness, the trial court did not abuse its discretion in admitting the first statement from C.J.

*Reliability*

Article 38.072 further requires: (1) notice of the intent to offer the statement, along with the identity of the outcry witness and a written summary of the outcry

---

[2] The doctor who performed the forensic exam did testify, over objection, that C.J. stated Jones put his finger in the "hole" of C.J.'s vagina. This statement was not part of the outcry statements made to Wendi. Jones does not complain about this testimony on appeal.

witness' testimony, must be given before trial; (2) the trial court must find, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and (3) the child testify or be available to testify. TEX. CODE CRIM. PROC. ANN. art. 38.072, Sec. 2(b) (West Supp. 2013). The statute charges the trial court with determining the reliability based on "the time, content, and circumstances of the statement;" however, it does not charge the trial court with determining the reliability of the statement based on the credibility of the outcry witness. *Sanchez v. State*, 354 S.W.3d 476, 487-488 (Tex. Crim. App. 2011). Further, the phrase, "time, content, and circumstances" refers to the time the child's statement was made to the outcry witness, the content of the child's statement, and the circumstances surrounding the making of that statement. *Broderick v. State*, 89 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

Jones contends C.J.'s next two statements, that Jones had used his tongue to touch her vagina and that Jones had C.J. touch his penis, were unreliable because a majority of factors he labels "the *Buckley* factors" weigh against reliability. *See Buckley v. State*, 758 S.W.2d 339, 343-344 (Tex. App.—Texarkana, 1988), *aff'd on other grounds*, 786 S.W.2d 357 (Tex. Crim. App. 1990).[3] In *Buckley*, the issue on appeal was not reliability of the outcry statements but rather whether article 38.072 was unconstitutional. *Id*. at 340. Further, citing no authority, the court of appeals in *Buckley* listed factors it determined

---

[3] The Court of Criminal Appeals did not address the factors enumerated by the appellate court.

supported the indicia of reliability of a child's outcry statement; it did not mechanically apply those factors. *Id*. at 343-344.

We have not used and specifically decline to use the "*Buckley*" factors when reviewing a trial court's determination of the reliability of a child's outcry statement. Instead, we agree with the Houston Court of Appeals' approach in *Broderick* which stated:

> Although courts have enumerated factors that may assist in ascertaining the reliability of an outcry statement, the focus of the inquiry must remain upon the outcry statement, not the abuse itself. *Norris v. State*, 788 S.W.2d 65 (Tex. App.—Dallas 1990, pet. ref'd) (holding admission of outcry statement did not violate appellant's right of confrontation when outcry testimony contained indicia of reliability satisfying requirements for exception to hearsay rule). The indicia of reliability enumerated in *Norris* and similar cases, while useful to determine whether the outcry statement is admissible as an exception to the hearsay rule, should not be expanded into a requirement that the court examine the circumstances of the alleged abuse.

*Broderick*, 89 S.W.3d at 699.[4]

In a review of the evidence presented at the hearing, the record shows that these two statements were made three months after C.J.'s initial outcry, and after forensic interviews, exams, and therapy, but that Wendi had not yet learned of the specific acts committed against C.J.[5] Additionally, although C.J.'s statements were in response to

---

[4] In *Norris,* like *Buckley,* reliability was not an issue and the court merely enumerated the factors but did not apply them.

[5] The forensic interviewer did not testify at the hearing or at trial and the therapist, who testified at trial only, stated that C.J. did not reveal any specific instances of sexual abuse by Jones. The doctor who conducted the forensic exam testified at the trial only that C.J. revealed a specific act committed against

questions by Wendi, the questions were in direct response to something else C.J. spontaneously said to Wendi. For example, while in the bathroom at a local restaurant, C.J. volunteered that sometimes she "tickles [her] tee-tee" before she goes to bed and sometimes uses toys to assist her in doing so. Wendi explained to C.J. that she could hurt herself doing that and then asked what Jones used. C.J. responded by sticking out her tongue and pointing at it and then saying that he used his tongue.

Thus, in reviewing the evidence in relation to time C.J.'s statements were made to her mother, the content of C.J.'s statements, and the circumstances surrounding the making of those statements, we find the trial court did not abuse its discretion in determining these statements to be reliable.

Jones's first issue is overruled.

OPINION TESTIMONY

In his second issue, Jones argues that the trial court erred in permitting opinion testimony as to Wendi's credibility. McLennan County Sheriff's Deputy, William O. Griffin testified about the initial report he took from Wendi and her husband, Kris, regarding the offense. Toward the end of his testimony, the following exchange took place:

> STATE: Did you have any concerns that either of them (Kris or Wendi) had some motive to make something up or they were vindictive?

---

her by Jones, but that the doctor did not tell Wendi about the act. Further, the act revealed to the doctor was not one of the acts revealed to Wendi by C.J.

DEFENSE: Objection, Judge. That *would call for pure speculation* on the part of this witness.

COURT: If he knows, I'll allow him to answer it, if he has any information on which to base that.

WITNESS: No, Your Honor.

(Emphasis added).

Jones's issue and argument on appeal do not comport with the objection made at trial. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *See* TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691-692 (Tex. Crim. App. 2009). Accordingly, because Jones's issue does not comport with the objection made at trial, the issue presents nothing for review and is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's judgments.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
Affirmed
Opinion delivered and filed July 3, 2014
Do not publish
[CRPM]