

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JUAN MADRID, | § | |
| Appellant, | § | No. 08-15-00195-CR |
| | § | Appeal from the |
| v. | § | 120th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20130D06470) |
| | § | |

## O P I N I O N

The issue in this appeal concerns Article 38.072 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 38.072 (West Supp. 2015). Known informally as the outcry statute, Article 38.072 exempts from the hearsay rule the first outcry of sexual abuse made by a child to an adult. *Bays v. State*, 396 S.W.3d 580, 581-82 n.1 (Tex.Crim.App. 2013). For the outcry to be admissible at trial, certain substantive and procedural requirements must be satisfied, including that: (1) the witness is the first adult told of the abuse; and (2) the outcry is reliable based on its time, content, and circumstances. *See* TEX.CODE CRIM.PROC.ANN. art. 38.072, §§ 2(a)(3)(witness), 2(b)(2)(reliability). Juan Madrid asserts neither of these requirements was satisfied in his case. We disagree and, therefore, affirm the trial court's judgment convicting him

of continuous sexual abuse of a child younger than 14 years of age and sentencing him to 35 years' imprisonment.

## FACTUAL AND BACKGROUND INFORMATION

Madrid's victims were his two twin daughters, S.A.M. and S.E.M.[1], who made an outcry of sexual abuse to their mother, E.R., upon returning home from a month-long visit with Madrid's family. E.R. immediately called the police. The girls provided their statements to responding officers and, days later, were interviewed by a forensic examiner. Based on the interviews, the police detective assigned to the case concluded probable cause existed to believe a crime had been committed. Madrid was eventually arrested and indicted for the offense of continuous sexual abuse of a child. The indictment alleged Madrid committed two or more acts of sexual abuse against both S.A.M. and S.E.M. between October 2011 and August 2013. Specifically, Madrid was accused of sexually assaulting them by penetrating their mouths with his penis and by contacting their vaginas with his penis and of behaving indecently by forcing them to touch his genitals.

As required by Article 38.072, the State gave Madrid pretrial notice of its intent to offer an outcry statement. *See* TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(b)(1). Indeed, the State filed six separate written notices.[2] Each notice given to Madrid identified the potential outcry witness, informed him of the State's intent to offer the statement, and provided him with a written summary of the statement. One of the notices given to Madrid identified E.R. as the witness for a statement made to her by S.E.M. and provided the following summary of that statement:

---

[1] To protect the anonymity of the children in this case, we will use aliases to refer to them. *See* TEX.R.APP.P. 9.10(a)(3); *McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex.Crim.App. [Panel Op.] 1982).

[2] We note that Article 38.072 does not prohibit the State from giving several notices of potential outcry witnesses.

The child told the witness that, since she was in the first grade, (between the years of 2011 and 2013), during visits to the Defendant's home, the Defendant made her and her twin sister watch pornographic videos of a boy and a girl having sex and reenact these videos, including by making her and her twin sister 'suck on his cola', (advising the Defendant would make them perform oral sex on him).

In response, Madrid moved to suppress all the outcry statements in the six pretrial notices provided to him by the State on constitutional and statutory grounds. He argued the statements were inadmissible because they violated his constitutional rights to due process and to cross-examine and confront his accusers and the statutory requirements of Articles 38.071, 38.072, and 38.23 of the Texas Code of Criminal Procedure. In arguing that the statements were inadmissible under Article 38.072, Madrid identified nine alleged deficiencies, including that: "Witness offering such testimony is not the first person, 18 years of age or older to whom such statement was made;" and "The statements are not reliable."

On the day of trial, and outside the jury's presence, the trial court held a hearing on the State's intent to offer an outcry statement. The State called E.R. as its only witness. E.R.'s testimony regarding the essential facts of the girls' outcry to her corresponded to that described in the notice given to Madrid. On direct examination, she explained:

[PROSECUTOR]: And what statements did they make to you about being sexually abused?

[E.R.]: They did tell me that their dad had – would make them watch a video of a girl and a guy -- a boy and a girl, they said -- watching -- having S-E-X. They spelled it out for me. And while they would watch it, they would have to pause the movie and perform what was watched to him.

[PROSECUTOR]: Did they tell you anything about what they would do during these videos?

[E.R.]: [S.E.M.] told me that he would make them suck his *cola*. Those were her words.

3

[PROSECUTOR]:   And they gave you these details?

[E.R.]:   Yes, ma'am.

[PROSECUTOR]:   About their being sexually abused?

[E.R.]:   Yes, ma'am.

And on cross-examination, she reiterated:

[DEFENSE COUNSEL]:   Okay.  So I'm trying to clarify what exactly was the outcry with regard to the two children.

[E.R.]:   [S.E.M.] told me she had to tell me a secret, that her dad wouldn't let her tell me.  So then I told her, 'Just tell me.  He doesn't need to know.'  And that's when she told me that he would make them watch videos of a boy and a girl having S-E-X.  They would have to pause the movie and perform what they would see.

And that's when [S.A.M.] said, 'He would make us lick his *cola*,' and [S.E.M.] said, 'Yes, mom, he would make us lick his *cola*.'

[DEFENSE COUNSEL]:   So [S.E.M.] was in agreement to what [S.A.M.] said about --

[E.R.]:   She said, 'Yes, he would make us lick his *cola*.'

[DEFENSE COUNSEL]: And then –

[E.R.]:   That's what she said.

Although E.R.'s testimony regarding the essential facts of the girls' outcry was consistent with that described in the notice given to Madrid, she offered additional information exceeding the scope and content of the outcry statement.   In response to questioning by defense counsel, E.R. disclosed that S.E.M. informed her of being forced to masturbate Madrid.   E.R. also volunteered the following:

[DEFENSE COUNSEL]:   Is that everything?

[E.R.]:   No, there's more, but from that day, that's what they –

4

[DEFENSE COUNSEL]:  So from that day, during that hour of time they told you, that's it?

[E.R.]:  Yes.  And they also told me that they had told -- we asked, 'Why didn't you tell me sooner?  Why didn't you-all tell anybody?'  And they said that they had told grandma.

Defense counsel did not explore this revelation any further.  Nor did he argue to the trial court that E.R. was not the proper outcry witness.  Instead, he urged the trial court to limit E.R.'s outcry testimony to the content and scope of the written statement and to suppress all the other outcry statements in the pretrial notices given to him.  The prosecutor assured the trial court that E.R.'s outcry testimony would not exceed the content and scope of the written statement.  The prosecutor also assured the trial court that E.R. was the first adult to whom the girls described the sexual abuse in detail.

The trial court "permit[ted] the outcry statement, pursuant to provisions of 38.072[,]" reasoning:

There's a question about some allegation of them having told the grandmother.  I don't know what that information is.  I don't know if that's adequate.  I don't know if she's hostile.  For those reasons, I'm allowing this witness to testify as the outcry witness.

Some of these questions go to weight, but, in terms of compliance of 38.072, it will be limited to the statements that are provided in the written notice and to what this witness testified on the stand; in particular, the comment about the video re-enactings, having to have S-E-X and the comment that he would make them suck his cola.  And apparently both of the children said that.

When the State offered the outcry statement at trial, the following exchange ensued:

[DEFENSE COUNSEL]:  Your Honor, I'm going [sic] object under the Sixth Amendment right to cross-examination.  This is hearsay, and we ask that it be suppressed, based on our filing of motions to suppress.

[PROSECUTOR]:  The State would re-urge its point aforementioned, offered during the previous hearing.

5

[TRIAL COURT]: Pursuant to the limited provisions of 38.072, overruled.

## OUTCRY STATUTE

In a single issue consisting of two arguments, Madrid challenges the trial court's ruling permitting E.R. to testify as the outcry witness. A trial court enjoys "broad discretion" in determining whether an outcry is admissible under Article 38.072, and its determination will not be disturbed on appeal unless the record unmistakably establishes an abuse of that discretion. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex.Crim.App. 1990). A trial court abuses its discretion when its determination lies outside the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000).

### *Proper Outcry Witness*

We begin by addressing Madrid's second argument. He claims E.R. should not have been permitted to testify as the outcry witness because the State failed to establish that she was the first adult to whom the girls made their outcries. As noted above, for an outcry to be admissible at trial, the outcry witness must be "the first person, 18 years of age or older . . . to whom the child . . . made a statement about the offense . . . ." TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(a)(3). In claiming the State failed to establish that E.R. was the proper outcry witness, Madrid points to her admission that the girls "told grandma" of the abuse before informing her of it. He also points to the trial court's comments about E.R.'s admission in explaining its ruling as further proof of the State's failure to carry its burden. But our inquiry does not end there as urged by Madrid.

The proper outcry witness is not the first adult to whom the child makes *a general allegation of sexual abuse,* but instead the first adult to whom the child *describes the alleged*

6

*offense in some discernible manner*. *Garcia*, 792 S.W.2d at 91.[3] An adult cannot be considered a proper outcry witness under Article 38.072 if the record on appeal is devoid of the specific details of the statement made by the child to the adult. *Id.*

Nothing in the record indicates that E.R. was not the first adult to whom the girls described the alleged offenses in some discernible manner. Although E.R. testified that the girls "told grandma" of the sexual abuse before making an outcry to her, the record does not reveal what the girls disclosed to their grandmother. E.R. was not asked to elaborate—either at the pretrial hearing or at trial—about the girls' statements to their grandmother. As for the girls, they acknowledged that S.E.M. tried to inform their grandmother of the abuse, but the substance of S.E.M.'s statement to her never came to light because defense counsel lodged, and the trial court sustained, a hearsay objection to it. As for the girls' grandmother, she denied that they ever mentioned sexual abuse to her. Without more information regarding the contents of the girls' statements to their grandmother, we can only conclude that they made general allusions of sexual abuse to her. Because nothing in the record indicates that E.R. was not the first adult to whom the girls' described the alleged offenses in some discernible manner, the State, as the proponent of E.R.'s testimony, satisfied the predicate for its admission pursuant to Article 38.072. Thus, in the

---

[3] At oral argument, Madrid asserted *Garcia* is no longer good law in light of the afore-mentioned *Bays* and *Martinez v. State*, 178 S.W.3d 806 (Tex.Crim.App. 2005). These cases, according to Madrid, signal the court's new emphasis on strictly construing the outcry statute to ensure that convictions rest solely on outcries satisfying the specific, stringent conditions established by the Legislature. Under this new strict-construction standard, Madrid claims, the proper outcry witness is the first adult told of abuse, even if the child's statement conveys nothing more than a general allusion of abuse. To claim *Bay* and *Martinez* mandate such a conclusion goes too far. Although both *Bays* and *Martinez* discuss the purpose and requirements of the outcry statute, and, in doing so, identify the legislative intent behind its enactment, neither case interprets the statutory language in dispute in *Garcia*. *See Bays*, 396 S.W.3d at 584-92; *Martinez*, 178 S.W.3d at 810-14. Indeed, determining the identity of the proper outcry witness was not an issue in either case. And although the court in *Bays* emphasized that "the outcry statute does not provide for admission of the most accurate, or the most detailed, statement from the child[,]" the court did not state, let alone suggest, that its approach in *Garcia* failed to comport with the "narrow hearsay exception that applies only when the child's statements describe the alleged offense and were made to the first adult outcry witness." *Bays*, 396 S.W.3d at 591.

7

absence of further details as to the contents of the girls' statements to their grandmother, the trial court was well within its broad discretion to consider E.R. the proper outcry witness. *See Garcia*, 792 S.W.2d at 91-92 (no abuse of discretion in considering a child protective specialist, not a teacher, as the proper outcry witness where, although victim told her teacher "what happened" before she told the specialist, the State laid proper predicate that the specialist was the outcry witness and defense did not rebut predicate by eliciting evidence as to the specifics of the statement made to the teacher).

### *Reliability of Outcry Statement*

We now turn to Madrid's first argument. He maintains E.R. should not have been permitted to testify as the outcry witness because the trial court did not find, and the record does not support a finding, that the outcry is reliable. As noted above, for an outcry to be admissible at trial, the trial court must find the outcry reliable based on its time, content, and circumstances. *See* TEX.CODE CRIM.PROC.ANN. art. 38.072, § 2(b)(2). The phrase "time, content, and circumstances" refers to the time the child makes the statement to the proffered outcry witness, the content of the statement, and the circumstances surrounding the making of the statement. *Broderick v. State*, 89 S.W.3d 696, 699 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd).

Here, the trial court did not explicitly find that the girls' outcry to E.R. was reliable. By failing to make such a finding, Madrid contends, the trial court violated Article 38.072's "strict demands." But a trial court does not need to make an express finding of reliability to comply with Article 38.072. *See Villalon v. State*, 791 S.W.2d 130, 136 (Tex.Crim.App. 1990). A trial court satisfies its statutory obligation to find an outcry reliable when, after holding a reliability hearing, it overrules a defendant's hearsay objection to the outcry. *See id*. This is precisely what

8

occurred in this case. Nevertheless, Madrid asserts *Villalon* is inapplicable because the trial court's admission that it was unprepared for the hearing and its explanation for admitting the outcry "simply does not permit the inference that the trial court found the statement reliable under the article, or that the court even understood the article's provisions." He is mistaken. The fact that the trial court may have been unprepared to conduct a hearing and, after conducting the hearing, expressed some equivocation in admitting the outcry does not negate the legal effect of the trial court's ruling. By overruling Madrid's hearsay objection to the outcry after holding a reliability hearing, the trial court here, like the one in *Villalon*, impliedly found the testimony reliable.

Anticipating our conclusion, Madrid counters that any implicit finding of reliability is unsupported by the record because the State adduced "only contradictory and surprising testimony about statements made under suspicious circumstances." First, Madrid claims internal inconsistencies in E.R.'s testimony cannot support a finding that the statement's content is reliable.[4] In claiming that E.R.'s inconsistent testimony demonstrates the statement's "patent[] unreliab[ility]," Madrid directs our attention to the following: (1) E.R.'s disclosure that the girls first informed their grandmother of the abuse; (2) her inability to remember whether the girls made their outcry on the day they had planned to visit a waterpark; and (3) her vacillation as to which of the girls mentioned to her that Madrid placed his penis in their mouths. Second, Madrid maintains "the time and circumstances of the outcry severely undercut its reliability." In support of this argument, Madrid points to the girls' admission at trial that they lie to avoid trouble and to the fact that they made their outcries immediately upon returning from their month-long trip to

---

[4] Madrid also claims E.R.'s unsolicited disclosure that S.E.M. informed her of being forced to masturbate casts doubt upon the outcry's reliability. As mentioned earlier, the trial court limited E.R.'s outcry testimony to the content and scope of the written statement in the pretrial notice given to Madrid.

9

Madrid's family. According to Madrid, "[t]he timing and context of the twins' outcry—immediately upon returning home from one month away from home after upsetting their mother—belies its credibility."

We are not persuaded by Madrid's argument. The alleged deficiencies of which he complains do not compel the conclusion that the girls' outcry is unreliable. E.R.'s internal inconsistencies in her testimony are irrelevant in determining the outcry's reliability. *See Sanchez v. State*, 354 S.W.3d 476, 487-488 (Tex.Crim.App. 2011)(outcry witness's credibility has no bearing on the reliability of the outcry statement). And evidence that the girls lie to avoid getting into trouble and that their outcries were made immediately upon returning from their month-long trip is not remotely determinative of the outcry's reliability.

Taking into consideration the record in its entirety, the trial court had ample evidence to conclude that the girls' outcry was reliable under Article 38.072. The timing of the outcry suggests it is dependable. The girls made their outcry approximately one month from when the sexual abuse stopped. This is not a lengthy delay. More importantly, delay in the report of sexual abuse is to be expected when there is a close personal relationship between the victim and the perpetrator and ought not to be seen as a reason to question the veracity of the report. The circumstances of the outcry indicate it is trustworthy. The girls made their outcry to their mother on their own volition, informing her they wanted to share a "secret" Madrid had forbidden them to disclose. There is no suspicion that the outcry was the product of duress, coercion, or manipulation. This is further borne out by the exhibition of an emotional response consistent with the substance of the statement provided to E.R. The girls cried when relating the abuse to her. The content of the outcry intimates it is believable. The outcry, as described by E.R., is consistent

with a depiction of sexual abuse told from a child's viewpoint. Using immature language, the girls provided a detailed description of events surrounding the sexual abuse and explicit information about Madrid's sexual behavior. Although the outcry was made in the girls' own words, it describes events and behaviors that seven-year-old children would not be expected to fabricate. Indeed, the fact that the girls used "cola" as a substitute for penis and spelled out "S-E-X" bolsters the conclusion that they did not have the sexual knowledge to fabricate an allegation of sexual abuse.

In sum, Madrid has failed to show that the trial court abused its broad discretion in determining that E.R. was the proper outcry witness and that the outcry was reliable. Accordingly, we overrule his issue.

## CONCLUSION

The trial court's judgment is affirmed.


June 1, 2016                                          YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)

11