

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00024-CR

HEATH R. BARKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 213th District Court
Tarrant County, Texas[1]
Trial Court No. 1477288R, Honorable Louis E. Sturns, Presiding

July 31, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Heath R. Barker, appeals from his conviction for continuous sexual abuse of a child.[2] We will affirm.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2017).

Factual and Procedural Background

The complainant in this case, A.M., is appellant's daughter.[3] Since her birth, A.M. lived with her great-aunt, L.M., but she occasionally spent weekends with her father. After returning home from one of these visits, A.M. was getting into the bathtub when L.M. observed that something was written on A.M.'s backside. On one of A.M.'s buttocks, the words, "I'm going in there," were written, along with an arrow pointing toward the cleft between A.M.'s buttocks. On the other side, the words, "I heart you," were written. L.M. asked who had written on her, and A.M. replied that it was appellant. L.M. took a photograph, which she later provided to the police, of A.M.'s buttocks. L.M. asked A.M. whether appellant had "done anything else like touch her on her privates or anything." A.M. said yes, and told L.M. that appellant had put his hands in her panties and "poked her in the front and the back." L.M. determined to contact the police the next day, and asked no further questions. The following morning, A.M. told L.M. that appellant had been "doing that" since she was seven. A.M. was ten years old at the time.

Following an investigation, appellant was indicted for continuous sexual abuse of a child and four lesser-included offenses. A Tarrant County jury found appellant guilty of the offense of continuous sexual abuse of a child. The trial court sentenced appellant to forty years' imprisonment.

---

[3] We will use initials to protect the privacy of the complainant. *See Linney v. State*, 401 S.W.3d 764, 769 n.1 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

## Outcry Witness Testimony

By his first issue, appellant contends that the trial court erred by allowing L.M. to testify as an outcry witness, because the statement A.M. made to her was too vague to constitute a specific allegation of sexual abuse.

At trial, the jury heard testimony from L.M. about A.M.'s allegation of abuse. While hearsay statements are generally inadmissible, they may be admitted under specific conditions when public policy supports their use and the circumstances surrounding the making of the statements support their reliability. *Martinez v. State*, 178 S.W.3d 806, 810 (Tex. Crim. App. 2005). One such exception to the general rule excluding hearsay concerns a child abuse victim's initial outcry statement. Article 38.072 of the Texas Code of Criminal Procedure allows for the testimony of the first person aged eighteen or over, other than the defendant, to whom the child made an outcry statement about the alleged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2017). This provision requires that (1) the defendant be given notice, (2) the trial court conduct a hearing to determine the reliability of the statement, and (3) the child testify or be available to testify. *Id.* at § 2(b). To constitute an admissible outcry, the statement must describe the offense in some discernible manner and "must be more than words which give a general allusion that something in the area of child abuse was going on." *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). We review a trial court's decision to admit or exclude a hearsay statement that may fall within the outcry exception under an abuse of discretion standard. *Id.* at 92.

Appellant argues on appeal that A.M.'s statement to L.M. was merely a "general allusion" to abuse that failed to provide sufficient details to satisfy article 38.072. At trial, during the hearing regarding L.M.'s ability to testify as an outcry witness, appellant made only one complaint about L.M.'s testimony: "Our argument is that all questions regarding any kind of abuse was [sic] prompted by [L.M.]. The child didn't voluntarily start talking about it and saying that anything happened. So we would object and say that it's all hearsay."

Appellant's trial objection was that A.M.'s statement was not made spontaneously, but was the result of L.M.'s prompting. This objection differs from the issue raised on appeal, i.e., that A.M.'s statement was not sufficiently descriptive. We may not review an appellate objection to testimony that does not comport with the objection made at trial. *Murphy v. State*, 229 S.W.3d 334, 343 (Tex. App.—Amarillo 2006, pet. ref'd). Consequently, appellant has preserved nothing for our review on this issue. *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). We overrule appellant's first issue.

By his second issue, appellant asserts that the circumstances of A.M.'s statement to L.M. failed to demonstrate its reliability. Specifically, appellant claims that "any statement by A.M. was prompted by [L.M.]," making the outcry statement unreliable.

For the trial court to find the statement admissible, it had to find it was reliable based on "the time, content, and circumstances of the statement." TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(2). The phrase "time, content, and circumstances" refers to the time the child makes the statement to the outcry witness, the content of the statement,

4

and the circumstances surrounding the making of the statement. *Broderick v. State*, 89 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). A trial court has broad discretion in admitting outcry witness testimony. *Garcia*, 792 S.W.2d at 92. We will not reverse the trial court's decision to admit outcry witness testimony unless it falls outside the zone of reasonable disagreement. *See Shaw v. State*, 329 S.W.3d 645, 650 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

L.M. testified that, after A.M. told her that appellant had written the words on her buttocks, L.M. asked A.M. whether appellant had "done anything else like touch her on her privates or anything." A.M. said yes, and told L.M. that appellant had put his hands in her panties and "poked her in the front and the back." This testimony indicates that the outcry statement was not made spontaneously. However, L.M.'s testimony did not show that she prompted A.M. as to the substance of the outcry. A.M. provided the detail about where and how appellant had touched her. There was no evidence in the record that L.M. had coached or manipulated A.M. into fabricating a statement about appellant. In fact, A.M. testified that she did not think L.M. believed her when she first told her that it was appellant who had written on her. Additionally, the undisputed evidence that A.M. spent weekends with appellant established that he had the opportunity to commit the offenses related in the outcry testimony. Finally, the circumstances surrounding the outcry—i.e., the discovery of disturbing writing on A.M.'s buttocks upon her return from appellant's house—indicate that the outcry was reliable. *See, e.g., Cooke v. State*, Nos. 12-03-00183-CR, 12-03-00184-CR, 2004 Tex. App. LEXIS 5057, at *10 (Tex. App.—Tyler June 9, 2004, no pet.) (mem. op.) (where mother asked child "if anybody had ever touched her privates," court found that, although child's statement was made in response to

5

mother's inquiry, "given the attendant circumstances, the trial judge was justified in concluding that [the child's] statement was not the product of her mother's manipulative conduct.").

The trial court had discretion to determine whether A.M.'s outcry statements were reliable based on the time, content, and circumstances of the statements. *See Shaw*, 329 S.W.3d at 652. The trial court's decision was supported by the evidence and was not outside the zone of reasonable disagreement. We overrule appellant's second issue.

By his third issue, appellant argues that the trial court erred in admitting outcry testimony from another witness after it had allowed L.M. to testify as the outcry witness. As set forth above, article 38.072 allows the first person to whom a child describes an offense in some discernible manner to testify about the statements the child made. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072. A trial court errs when it permits testimony of a second outcry witness as to the same event over a defendant's hearsay objection. *Broderick v. State*, 35 S.W.3d 67, 73-74 (Tex. App.—Texarkana 2000, pet. ref'd). However, multiple outcry witnesses can testify about separate acts of abuse committed by a defendant if each witness is the first person to whom the child disclosed the separate acts. *Hernandez v. State*, 973 S.W.2d 787, 789 (Tex. App.—Austin 1998, pet. ref'd). A trial court has broad discretion in determining the admissibility of outcry evidence, and its determination will not be disturbed absent a showing in the record that the trial court clearly abused its discretion. *Garcia*, 792 S.W.2d at 92.

After both L.M. and A.M. testified, the State called Samantha Shircliff, a forensic interviewer with the Alliance for Children. As it had with L.M., the trial court conducted a

hearing pursuant to article 38.072 prior to allowing Shircliff to testify before the jury. In this hearing, Shircliff testified that A.M. told her that appellant "put his finger in the hole of her butt and the hole of her crotch" and moved his finger back and forth. A.M. also provided Shircliff with other details, including when and where these events occurred, how she was positioned, and things appellant said to her.

Appellant's counsel argued that Shircliff was not an outcry witness, because she was not the first person to whom A.M. described the abuse. Counsel for the State, noting that outcry statements are event-specific, argued that the outcry to Shircliff provided details and elements of penetration that L.M.'s testimony did not cover. The trial court overruled appellant's objections to Shircliff's testimony as an outcry witness.

As set forth above, L.M., the first witness, testified that A.M. told her that appellant had put his hands in her panties and "poked her in the front and the back." A.M. herself testified next, and when asked if appellant touched her over her clothes, under her clothes, or something else, answered, "Kind of a little bit of both." She then stated, "There has just been different times where it was different." Following A.M.'s testimony, Shircliff testified, "I was trying to get clarification about what part of her butt and crotch he actually touched, and I was able to clarify that he put his finger in the hole of her butt and the hole of her crotch." Additionally, Shircliff testified to details A.M. gave her about the last instance of abuse, which was one or two weekends prior to their interview, and the first instance of abuse, which occurred shortly after A.M. turned seven.

This case involved a five-count indictment; appellant was charged with continuous sexual abuse of a child and four lesser-included counts of aggravated sexual assault and

7

indecency by contact. Continuous sexual abuse necessarily involves separate acts committed at different times. At trial, L.M.'s testimony about appellant's acts described indecency with a child, while Shircliff's testimony clearly went to the allegation of aggravated sexual assault of a child by penetration.

Under these circumstances, we cannot say that the trial court's admission of Shircliff's testimony constituted a clear abuse of discretion. *See Sledge v. State*, No. 03-03-00092-CR, 2004 Tex. App. LEXIS 2247, at *9 (Tex. App.—Austin Mar. 11, 2004, no pet.) (mem. op.) (no abuse of discretion where trial court allowed testimony of one outcry witness as to indecency with a child allegation and another outcry witness as to aggravated sexual assault allegation). We overrule appellant's third issue.

## Ineffective Assistance of Counsel

By his fourth issue, appellant claims he received ineffective assistance of counsel because his attorney failed to request that L.M.'s testimony be stricken. Appellant contends that when the trial court admitted the testimony of Shircliff, counsel should have moved to strike the testimony of L.M., because there were then two outcry witnesses concerning the same acts.

To show ineffective assistance of counsel, appellant must demonstrate that (1) his trial counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Rodriguez v. State*, 899 S.W.2d 658, 664 (Tex. Crim. App. 1995).

8

We concluded in our analysis of appellant's third issue that the trial court did not commit a clear abuse of discretion in allowing both L.M. and Shircliff to testify as outcry witnesses. Because the testimony was admissible, it would have been futile for appellant's counsel to move to strike it. Counsel is not required to present the court with futile motions. *See Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991). Consequently, we do not agree that appellant's trial counsel's performance was deficient. We therefore need not reach the second prong of the *Strickland* test. *See Strickland*, 466 U.S. at 687. We overrule appellant's fourth issue.

Conclusion

The judgment of the trial court is affirmed.

Judy C. Parker
Justice

Do not publish.